Chief Justice Robertson
delivered the Opinion of the Court.
Two questions arise in this case: — first, is a covenant to pay a specified sum in promissory notes, then due, assignable? and second, on a writ of enquiry, in an action on the covenant, can a verdict for the nominal amount, without express proof of the value of such notes, be sustained?
First. We can perceive no reason why a covenant to pay in promissory notes,or to assign such notes, is not assignable under our statute, equally with a covenant to convey land, or to pay bank notes.
Second. As the court cannot know judicially, that promissory notes when due are not equivalent with their nominal amount, we cannot say that the verdict is excessive.
The defendant in the action did not oiler to prove, that such notes were not worth their nominal amount, but only asked the court to require the plaintiff to prove their value. There can be no doubt that the value of the notes at the time when they were to be paid or assigned, was the legal criterion of recovery. But as there was no proof tending to show, that they were of *143 less value than their nominal amount, the jury had a right to presume, that they were equal to that amount; sufficient data are furnished by the covenant — to wit “good notes,” to be due when assigned. Upon that general description, the jury had a right to decide as to the value; and this court cannot know judicially, that the assessed value was too high.