Chief Justice Robertson
delivered the Opinion of the Court.
The only question in this case, is whether- — on an enquiry as to damages, lor a breach oi a covenant to pay one hundred dollars on the 25th of December, 1836, uin cash notes then due on good and solvent men of Hopkins cmntw” — -the defendant in the action had a right to ask a witness whether such notes, amounting nominally to one hundred dollars, were equivalent to that sum in 1
And we cannot doubt that such testimony was not only admissible, but necessary, to enable the jury to ascertain satisfactorily• the true measure of damage which the plaintiff in the action had sustained.
*2 Such commodities as individual promissory notes Have no fixed value ascribed to them by law. Money alone being the -legal standard of values, that alhne is, in ■ judgment of law, necessarily equivalent to its actual denomination.
Convertible promissory notes, or bank notes, may be • worth their nominal amounts; but they may be also ■worth less.
And it. may be obviously possible, that ten promissory notes of ten several and solvent men, may not, when due, be altogether equal in value, actual or legal, to one . 'hundred dollars in money; because, when collected, the amount cannot exceed one hundred dollars with intermediate interest, and the vexation, uncertainty, delay, and expense, which may be incident to a collection of the whole amount of ten promissory notes of ten several debtors, however solvent, might certainly be entitled to some consideration in estimating the'money value of the notes when due and uncollected. And, possibly, 'the obligors, or some of them, may, in fact, not owe, or •may have some set-off or other, title to exoneration.— And then the assignee would have to look to the assign- >or for indemnity.
The value of such notes, (as the covenant required,) "in Hopkins county, on the 25th of December, 1836, was the amount of damage which, in judgment of law, the plaintiff in this action had sustained. And that value was a fit subject of estimate, and consequently of proof 'aliunde. This has been virtually decided by this Court, in several cases — the last of which is that of Sirlott vs. Tandy, 3 Dana, 142.
The value of the notes should not, however, be determined by shavers; nor should it be estimated by sales ■ made in cases of emergency.’ But a jury should ascertain it by the same general and practical tests as those which should determine the relative value of any other commodity.
The true test is the difference, if any, between one-hundred dollars in hand, and the intrinsic value of cash notes, on solvent men, for one hundred dollars, bearing six per cent, interest, and for which the assignor, who *3 cannot deny his ability to pay, is eventually responsible. And a jury, in assessing damages, in-this case, may also add legal interest to the ascertained value of the notes, from the 25th of December, 1836, to the time of rendering their verdict.
Wherefore, as the Circuit Court refused to permit the appellant, who was defendant in that Court, to prove the money value of promissory notes due on solvent men, in Hopkins county, on the 25th ofDecember,1836, the judgment against him must be reversed, and the. cause be remanded.