CASE 10—PETITION ORDINARY—DECEMBER 7.

## Mills vs. Brown, &c.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. The act of March 10, 1856, modified or repealed section 221 of the Civil Code only so far as by that section *non-residency* of a defendant was made a ground for obtaining an attachment against the resident defendants.

2. The non-residence of one or more of several defendants to a civil action is now no ground of attachment against the separate property of any of the defendants who are residents of this State. But in an action for the recovery of money against a defendant, or several defendants, who, or some one of whom, has departed from this State with intent to defraud his creditors, or so conceals himself that a summons cannot be served upon him, the plaintiff is entitled to an attachment against the property of all of the defendants.

3. In an action *ex contractu*, where a specific sum is alleged to be due to the plaintiff, and the allegations of the petition not specifically controverted by the answer, the court may render judgment without the intervention of a jury or proof of the demand. (15 *B. Mon.*, 630; 18 *B. Mon.*, 60.)

4. A judgment that land levied on by attachment in the action be sold subject to a lien of the vendor of the defendant for his purchase money, without ascertaining its amount, is erroneous. That the clerk was directed by the judgment to copy the deed to the defendant from his vendor, which retained the lien, did not cure the error. The vendor, before a sale is made, should be brought before the court, and the sum, if any, for which he holds a lien, ascertained.

Mills and Colwell were sued for money due by account. Summons was served upon Mills, who made defense. The plaintiffs obtained an attachment in the action upon the ground that Colwell so absconds and conceals himself that a summons cannot be served upon him, and that he has left the State with intent to defraud his creditors. Defense was made for Colwell by attorney appointed by the court. Personal judgment having been rendered against Mills, the attachment sustained, and the land attached sold, to which he excepted, he has appealed.

W. HOWELL for appellant.

SHUCK for appellees.

A. J. JAMES, on same side, cited *Civil Code, sec.* 221; *Act of 10th March,* 1856.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

It is the opinion of this court that the attachments in these causes were properly issued, and that the court did not err in sustaining them.

By section 221 of the Civil Code it is provided, that in an action for the recovery of money, where the action is against a defendant, or several defendants, who, or some one of whom, * * * has departed from this State with intent to defraud his creditors, or * * * * so conceals himself that a summons cannot

be served upon him, the plaintiff may have an attachment at or after the commencement of the action, etc.

The act of the 10th of March, 1856, modified or repealed this section of the Code *only* so far as it related to the ground of *non-residency.* Now the non-residence of one or more of several defendants to a civil action is no cause of attachment against the separate property of any of the defendants who are residents of this State. But the other grounds of attachment enumerated in section 221 of the Civil Code, remain precisely as they stood before the passage of the act of 10th March, 1856, unaffected thereby. In an action, therefore, for the recovery of money, where the action is against a defendant, or several defendants, who, or some one of whom, has departed from this State with intent to defraud his creditors, or so conceals himself that a summons cannot be served upon him, (both of which grounds are alleged to exist in this case,) the plaintiff, by the express terms of said section of the Code, is entitled to an attachment against the property of all of the defendants.

It was not erroneous to render judgment *in personam* against appellant, who had been actually summoned, for the sums named in the judgments. These were actions *ex contractu.* Specific sums were alleged to be due to the plaintiffs.

The allegations of the petitions in regard to the debts were not specifically controverted by the answers of appellant, as required by the Code of Practice, wherefore, the intervention of a jury and proof of the demands were unnecessary. (*Harris vs. Ray,* 15 *B. Mon.,* 630 ; *Francis vs. Francis,* 18 *Ib.,* 60.)

But there is a manifest error in the judgment for the sale of the land. It was adjudged that the land should be sold subject to a lien of James Martin for his purchase money, he being the vendor of Mills & Colwell.

Martin was no party to the action. His lien had not been asserted, if he had one. The amount for which he held a lien had not been ascertained.

A sale of property subject to an uncertain and unliquidated incumbrance of this character, tends to the sacrifice of the property, and, consequently, to the injury and oppression of those having rights and interests therein. In such case a com-

missioner would not know what he was selling, and a purchaser could not be assured of the extent or value of the interest which he might purchase. It has been held often by this court that decrees for the sale of property, similar to the order or judgment in this action, were erroneous. The fact that there is contained in the judgment a direction to the clerk to copy the deed from Martin and wife to Mills & Colwell, does not aid the judgment or cure the error aforesaid. The deed did not show conclusively that there was still a subsisting lien in favor of Martin; much less did it render certain the value of the lien, if there was one.

This was one of the grounds relied upon by appellant to defeat the confirmation of the sale made by the sheriff, Sanders, and, in our opinion, was a valid objection.

Before a sale was made, it should have been determined by the judgment of the court whether or not Martin still held a lien upon the property; and if he held one, the amount secured thereby should have been definitively ascertained. This might have been done by the original judgment for the sale, or by proper supplemental proceedings.

It is not necessary that the order or judgment for the sale be now reversed, even if it were properly subject to the revision of the court upon this appeal.

But the order confirming the report and sale of the commissioner, for the error above indicated, *is reversed*, and the cause remanded to the circuit court, with directions to cause the supposed lien-holder, Martin, to be brought before the court, and by appropriate supplemental proceedings determine whether he holds a lien on the property or not; and if he does, to ascertain the sum secured thereby, and for further proceedings in conformity with the principles of this opinion.