CASE 49—PETITION ORDINARY—OCTOBER 18.

# Marr's administrator vs. Prather,

APPEAL FROM FULTON CIRCUIT COURT.

In an action upon an obligation to pay a sum of money in cash notes, the court may, upon a failure to answer, hear proof and assess the damages. (*Civil Code, sec.* 409.) But the record must show that proof was heard by the court, and the damages founded thereon. (14 *B. Mon.*, 394; 18 *B. Mon.*, 60.)

In such action the criterion of damages is the value of the cash notes at the time they ought, by the terms of the contract, to have been paid, to which may be added, by way of additional damages, interest on such value from that time. (3 *Dana*, 142.)

L. Hord and J. P. Metcalfe, for appellant, cited *Civil Code, sec.* 409.

James Harlan, for appellee, cited *Civil Code, sec.* 409 ; 15 *B. Mon.*, 270.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Prather, as the assignee of Jones, brought this action on the following instrument :

"Hickman, Ky., February 10th, 1859.

Due P. S. Jones three thousand dollars in cash notes, last payment on lots No. 218 and 234, in town of Old Hickman, known as the property on which the Burrus warehouse stands.                              /          R. P. Marr."

Process having been regularly executed on the defendant, a judgment was rendered against him, by default, for $3,000, with interest thereon from the 10th February until paid, and costs.

The only question to be considered in the case is, whether this judgment was authorized by the 409*th section of the Civil Code*, which provides, in substance, that "if the taking of an account, or the proof of a fact, or the assessment of damages is necessary to enable the court to pronounce judgment upon a failure to answer," "the court may take the account, hear the proof, and, in *actions founded on contract*, assess the damages," &c.

It is alleged in the petition that the plaintiff, on the 10th August, 1859, presented the note to the defendant, and demanded payment thereof, in cash, or in cash notes, which the defendant refused.

The case presented by the record is one in which the assessment of damages was necessary to enable the court to pronounce judgment, the defendant having failed to answer. And as the action was founded on contract, the court had the right, under the section referred to, to hear the proof and assess the damages. The amount which the plaintiff was entitled to recover upon the instrument sued on was the value of the cash notes at the time they ought, by the terms of the contract, to have been paid, to which might have been added, by way of additional damages, interest on such value from the time indicated. (*Sirlott vs. Tandy*, 3 *Dana*, 142.)

But the record wholly fails to show that any proof was heard by the court, or that there was any assessment of damages, founded upon such proof. On the contrary, the judgment was rendered by default, for the $3,000, with interest from the date of the writing. The only admissible inference, therefore, is that no proof was heard by the court, and of course no assessment of damages made, as required by the only provision of the statute which authorizes the court to render a judgment in such cases, without the intervention of a jury. And it is necessary that the record should show that there had been a substantial compliance by the court with the provisions of this statute. This point was expressly decided in the case of *Daniel vs. Judy*, (14 *B. Mon.*, 394,) in which it is said that the record must show "that there had been a *trial by the court*, so that it might at least impliedly appear that the allegations of value, or amount of damage, contained in the plaintiff's petition, had not been exclusively relied on, to ascertain and determine the amount of the judgment. (See also *Francis vs. Francis*, 18 *B. Mon.*, 60.)

For the error indicated the judgment is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.