JUDGE BULLITT
delivered the opinion op the cohkt:
This was an action upon a covenant by which the appellants agreed to pay $105 for the hire of a slave, and to furnish him winter and summer clothing, and a blanket.
. The petition alleges that no part of the hire had been paid, and that the defendant had “failed to clothe said slave properly, or to furnish him a blanket,” and that “the clothes said slave was entitled to, and not furnished with, and the blanket, were reasonably worth $15.”
The defendants failing to answer, a judgment by default was rendered against them for $120, from which they appealed.
The judgment must be reversed for two reasons:
. 1. .The breach of the covenant, concerning the clothing, is not properly assigned. Whether the ground of the complaint *283 is, that the defendants failed to furnish winter clothing, or that they failed to furnish summer clothing, or that the clothing furnished was not of proper quality, the petition fails to show. The petition does not show the ground of the action, nor state any fact constituting a cause of action, with reference to the clothing; the averment, that the defendants “failed to clothe said slave properly,” being nothing more than an allegation of a legal conclusion. This error, if there had been an issue, might perhaps have been cured by a verc|j|t and judgment for the plaintiff; (16 B. Mon., 691;) but it is simicient for the reversal of this judgment by default.
2. It was erroneous to render judgment for the $15, which the blanket and clothing were alleged to be worth, without proof of their value.
The Code declares, that allegations of value, or of amount of damage, shall not be taken as true, by the failure to controvert them.” (Sec. 153.)
This court has sustained a judgment by default, without proof of value, for the amount of a physician’s account for medical services and medicine; (Harris vs. Ray, 15 B. Mon., 628;) and a similar judgment for the amount of a merchant’s account for goods sold and delivered to the defendant; (Francis vs. Francis, 18 B. Mon., 60;) whilst it has reversed similar judgments for the value of coal taken by the defendant from the plaintiff, (Daniel vs. Judy, 14 B. Mon., 393,) for damages committed by a trespasser upon the plaintiff’s land, (Clarke vs. Seaton, 18 B. Mon., 226,) for the value of goods, which a common carrier failed to deliver according to his agreement, (Huston vs. Peters & Co., 1 Met., 558,) and for the value of cash notes, which the defendant failed to assign as he had covenanted to do, (Marr's adm'r vs. Prather, 3 Met., 196,) though in each of these cases, the amount of value or damage, for which the judgment was rendered, was alleged in the petition.
In Harris vs. Ray, and Francis vs. Francis, this validity of the judgments was apparently placed upon the ground, that the sums claimed by the plaintiffs were alleged in their petitions to be due and owing. We do not suppose, however, that *284 such an allegation would have releived the judgment in either of the other cases from error.
The true distinction between these two cases and the others seems to be, that in each of the former there was, upon the facts stated, an implied assumpsit to pay the amount claimed by the plaintiff, whilst there was no assumpsit, express or implied, in either of the latter, to pay the sum claimed.
Under the old practice, in an action ol debt for the price of goods sold and delisted, it was not necessary to aver a promise to pay the sum fl&imed; (1 Chitty's Pl., 362.) and, although in an action of indebitatus assumpsit for the price of goods sold and delivered, it was necessary to aver a promise to pay, it was not necessary to prove such promise; because proof of the sale and delivery of the goods, and of their value, raised a legal implication of a promise to pay the value, though no price had been agreed upon. (Snodgrass vs. Broadwell, 2 Litt., 353; Jenkins vs. Richardson, 6 J. J. Mar., 441.)
Under the Code of Practice, which requires only a statement of the facts constituting the cause of action, what the law implies need not be averred; (secs. 115, 144;) and a petition, al- ■ leging a sale and delivery to the defendant of goods worth a certain sum, or the rendition of services worth a certain sum, or containing equivalent allegations, is sufficient to authorize a judgment by default for that sum, because a promise to pay it is implied by the law. In such a case, the value of the goods, or services, need not be proved, because, in legal contemplation, the action is founded upon the defendant’s promise to pay a certain sum of money.
But this action, like that in the case of Marr’s adm'r vs. Prather, is for damages caused by a breach of a covenant. The law does not imply a promise to pay damages which the defendant has covenanted to pay. The plaintiff, therefore, should have proved the value of the blanket and clothing, or, in other words, the damages he sustained by the breach of the covenant.
The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.