E. W. Sanders et al.

*vs.*

Adelbert B. Clason et al.

A cause of action against a defendant for the value of goods sold and delivered, and a cause of action against a third person on the promise to such defendant to pay said debt to the plaintiffs, are improperly joined, and the complaint is bad on demurrer.

The plaintiffs may maintain an action against the promisor, upon a promise made by him to a third person, to pay the debt of the latter to the plaintiffs; such promise constituting part of the consideration of a sale of an entire stock in trade, &c., by such third person to the promisor,—the parties being merchants.

This suit was commenced in the District Court for Good-

hue county, against Adelbert B. Clason and Charles L. Clason, partners as A. B. & C. L. Clason, and Michael B. Clason.    The defendant Michael B. Clason interposed a demurrer to the complaint, upon the ground that it appeared on the face of the complaint that two causes of action were improperly united, and that the complaint did not state facts sufficient to constitute a cause of action against him.    The Court sustained the demurrer, and the plaintiffs appealed from the order sustaining the same to this Court.    The allegations of the complaint appear sufficiently in the opinion of the Court.

PHELPS & TABER for Appellants.

SEAGRAVE SMITH for Respondents.

*By the Court*—McMILLAN, J.—The demurrer in this action must be sustained, on the ground that it appears from the face of the complaint that two causes of action are improperly united.

The complaint contains a cause of action against the defendants A. B. & C. L. Clason for the sale and delivery of the goods by the plaintiffs to them, and also a cause of action in favor of the plaintiffs against Michael B. Clason on his promise to A. B. & C. L. Clason to pay their indebtedness for these goods, to the plaintiffs.

This view disposes of the case so far as this demurrer is concerned, but other questions are raised by the demurrer which are vital to the plaintiffs' right of recovery against M. B. Clason, and which will necessarily arise upon an amendment of the complaint. We deem it our duty therefore to look further into the case, in order that the rights of the parties may be determined without unnecessary delay or expense.

Sanders et al. v. Clason et al.

The complaint avers in substance that the firm of A. B. & C. L. Clason, being indebted to the plaintiffs in the sum of $295.50, and to other persons in divers other sums, sold and delivered to the defendant Michael B. Clason, certain goods, wares and merchandise, &c., &c., comprising all the stock in trade, notes and book accounts, &c., of the firm, in consideration whereof said Michael B. Clason agreed to and with *said A. B. & C. L. Clason* to pay certain of their debts—with others the said debt of the plaintiffs. That in consideration and pursuance of the aforesaid agreement, said Michael B. Clason afterward promised and agreed to and with these plaintiffs to pay *them* their said debt.

The promise by Michael B. Clason to A. B. and C. L. Clason to pay the plaintiffs' debt, is an original promise based upon a valuable consideration, namely, the sale and delivery of the stock of goods, &c. The question is whether the plaintiffs can avail themselves of this promise, by maintaining an action upon it in their own names. If they can, the other averments as to the promise directly to them will be mere surplusage. The authorities on this question are far from uniform either in England or the United States, and in view of the able discussions of the question, which are found in the books, we need not consider it at length. The right of the plaintiffs to sue under circumstances of this kind is sustained by many authorities, but a few of which need be referred to. 1 *Ch. Pl.*, 4; 1 *Pars. on Contr.*, 5 *Ed.*, 466-8, and authorities cited in notes; *Farley vs. Cleveland*, 4 *Cowen*, 432; *Same vs. Same*, 9 *Ib.*, 639; *D. & H. Canal Company vs. W. Co. Bank*, 4 *Duer*, 97; *Lawrence vs. Fox*, 20 *N. Y.*, 268, and authorities cited; *Arnold vs. Lyman*, 17 *Mass.*, 400; *Carnegie and another vs. Morrison and another*, 2 *Met.*, 404; *Crocker vs. Stone*, 7 *Cush.*, 338; *Hind vs. Holdship*, 2 *Watts*, 104; *Beers vs. Robinson*, 9 *Barr*, 229; *Eddy et al. vs. Roberts*, vol. xiii.—26.

17 *Ill.*, 508; *Todd vs. Tobey*, 29 *Maine*, 219; *Motley vs. Manf. Ins. Co.*, 29 *Maine*, 337; *Metcalf on Contr.*, 205-11, and authorities cited in notes.

Parsons in his work on *Contracts*, speaking on this subject says: "In this country the right of a third party to bring an action on a promise made to another for his benefit, seems to be somewhat more positively asserted, and we think it would be safe to consider this a prevailing rule with us." 1 *Pars. on Contr.*, 5th *Ed.*, 467-8. In this case the parties were merchants; A. B. & C. L. Clason were indebted to the plaintiffs for goods, and sold and delivered their whole stock in trade, notes and book accounts accruing out of their trade, fixtures, &c., to M. B. Clason, for which a part of the consideration was his promise to pay the plaintiffs' debt. Under these circumstances, in view of the authorities, we are of opinion that the plaintiffs can maintain this action, and that the complaint as to this promise states facts sufficient to constitute a cause of action. As this determination settles the liability of M. B. Clason to the plaintiffs for the acts of A. B. & C. L. Clason, it is perhaps unnecessary to consider whether he can be held liable to them on his promise to the plaintiffs personally under the circumstances alleged in this case.

The order sustaining the demurrer is affirmed.

WILSON, Ch. J.—I think the order appealed from is properly affirmed on the ground that several causes of action are improperly united, but I do not assent to the views expressed as to the liability of Michael B. Clason to the plaintiffs on his contract with A. B. & C. L. Clason.