CASE 25—PETITION ORDINARY—JUNE 25.

# Beam vs. Hayden.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. Without hearing proof and assessing the damages, the circuit court had no power to render a judgment for one hundred and twenty dollars, against the defendant, who did not answer, in an action on an obligation to deliver one barrel of whisky, to contain forty gallons, which the plaintiff alleged in his petition was worth three dollars per gallon. (*Marr's adm'r vs. Prather*, 3 *Met.*, 196; *Dehoney vs. Sandford*, 2 *Bush*, 169.)

2. The circuit court, as provided in section 409 of the Civil Code, might have heard the proof and assessed the damages, or referred the same to a commissioner, or directed the same to be ascertained or assessed by a jury; but—

3. As the defendant failed to answer, and the record does not show that proof was heard in the court below as to the value of the whisky, the judgment must be reversed.

W. H. Hays,　　　　　　　　　　　　　　　For Appellant,

CITED—

*Civil Code, secs.* 153, 409.

4 *Met.*, 282; *Skillman, &c., vs. Muir's adm'r.*

3 *Met.*, 196; *Marr's adm'r vs. Prather.*

W. L. Jett and

W. E. Selectman,　　　　　　　　　　　For Appellee.

CITED—

2 *Bush*, 169; *Dehoney vs. Sandford.*

2 *Bush*, 153; *Kendrick vs. Fields.*

*Internal Revenue, Act of Congress of June* 30, 1864, *secs.* 53, 59.

2 *Met.*, 452; *Haney vs. Payne.*

---

Beam vs. Hayden.

---

4 *Dana*, 336; *Venable vs. McDonald.*

5 *Dana*, 533; *Kimberlin vs. Faris.*

15 *B. Mon.*, 630; *Harris vs. Ray.*

2 *Met.*, 406; *Neill vs. Brown, &c.*

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought by appellee against appellant, on the following writing:

"On the first day of May next, I promise to deliver to Q. F. Haydon one barrel of good copper whisky, or its value, to contain forty gallons, to be delivered at his house in Spencer county, Ky. Mar. 23d, 1867—for mare returned.

"Witness: N. S. BEAN.  ISAAC $\overset{\text{his}}{+}$ BEAM."
$\underset{\text{mark.}}{}$

The plaintiff alleges, in his petition, that the defendant failed to deliver to him, at his house in Spencer county, or at any other place, one barrel of good copper whisky, and that such whisky was worth then, and was selling for, three dollars per gallon in Spencer county, and concludes with a prayer for judgment for one hundred and twenty dollars, &c. Process having been regularly executed on the defendant, and he having failed to answer, it was adjudged by the court that the plaintiff recover against him the sum of one hundred and twenty dollars, the amount claimed in the petition, with interest thereon at the rate of six per cent. per annum from the 1st of May, 1867, till paid, and costs. From that judgment Beam has appealed, and insists that, under *sections* 153 *and* 409, *Civil Code*, the court below had no power to render judgment, the defendant having failed to answer, without assessing damages upon proof being heard. On the other hand, it is contended on behalf of appellee, that it is not stated in the record that proof was *not*

heard; and as this court will presume that the court below did right, until the contrary appears, everything necessary to sustain the judgment will be presumed, which is not inconsistent with the facts stated in the record; and *Harvey vs. Payne*, 2 *Metcalfe*, 451; 4 *Dana*, 336, *and* 5 *Ibid*, 533, are cited as sustaining the position.

The amount which the plaintiff, according to the allegations of his petition, was entitled to recover, upon the writing sued on, was the value of the whisky at the time the defendant was, by the terms of his contract, bound to deliver it, to which might have been added interest on such value from the date indicated. The defendant having failed to answer, an assessment of damages was necessary to enable the court to pronounce judgment; and as the action was founded on contract, the court might have heard the proof, and assessed the damages, or could have referred it to a commissioner, or might have directed the damages to be ascertained or assessed by a jury. (*Section* 409, *Civil Code*.)

The record certainly does not show that the case was referred to a commissioner, or was directed to a jury to assess or ascertain the damages, and does not show that the court *heard proof*, and assessed the damages. On the contrary, the only rational inference from the language in which the judgment is rendered, is, that no proof was heard by the court, and of course no assessment of damages was made.

In *Marr's adm'r vs. Prather*, 3 *Met.*, 196, this court said: " It is *necessary* that the record should show" that there had been a substantial compliance with the 409th section, *supra;* that the point was expressly decided in *Daniel vs. Judy*, 14 *B. M.*, 394, in which it is said, that the record must show that there had been " *a trial by the court*," so that it might at least impliedly appear that the

allegations of value, or amount of damage contained in the plaintiff's petition, had not been exclusively relied on to ascertain and determine the amount of the judgment.

- But it is further insisted for appellee, that, even if it must be inferred or understood from the record that no proof was introduced as to the value of the whisky, such proof was not necessary, as it is an action founded on a contract to deliver a certain number of gallons of copper whisky, at a certain time and place, for a valuable consideration, or pay the value thereof; and as it is alleged in the petition that such whisky was then and there worth three dollars per gallon, these allegations dispensed with proof of value; and *Harris vs. Ray*, 15 *B. M.*, 630, and *Mills vs. Brown, &c.*, 2 *Met.*, 406, are cited to sustain that position.

In these cases the actions were brought on accounts for money alleged to be due upon promises express to pay the sums claimed, or implied by law, as in the sale and delivery of goods. They were not only founded on contracts, but they were founded on contracts to pay the particular sums of money alleged to be due, and claimed in the petitions; and upon taking them for confessed, there was nothing to assess, as if, in this case, the contract had been to deliver forty gallons of good copper whisky, or to pay, on failure to deliver the whisky, *three dollars* per gallon. No proof of value would have been necessary, because the parties, by their contract, had fixed the value.

In *Harris vs. Ray*, and *Mills vs. Brown, supra*, the judges, who wrote the opinions, did not state the whole reasons why it was not necessary to introduce proof, as that point was not the main one under consideration, but merely stated they were actions *ex contractu*, without

saying more on a question which seemed rather an incidental one in the cause.

But the construction of section 409, Civil Code, given by this court in *Marr's adm'r vs. Prather, supra*, has been adhered to in the later case of *Dehoney vs. Sandford 2, Bush*, 169; nor are the cases in conflict when understood.

As, therefore, the defendant failed to answer, and the record does not show that proof was heard in the court below as to the value of the whisky, the judgment must be *reversed*, and the cause remanded for a new trial, and for further proceedings consistent herewith.