CASE 33—PETITION ORDINARY—JULY 1.

# Curtis Field vs. Montmollin.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. The circuit court properly rendered judgment against the defendant, without the intervention of a jury, in an action wherein the amount of the debt sued for was specifically set out in the petition, and the answer did not present a sufficient defense. (*Mills vs. Brown, &c.,* 2 *Met.,* 404.)

2. An order for the arrest of the defendant was properly vacated, in an action for four hundred and fifty dollars debt and fifty dollars damages, by the Fayette circuit court, on notice and motion, the evidence on the trial of the motion showing, that although the defendant was about going to Missouri when the order of arrest was sued out, he then had on deposit in bank at Richmond, Kentucky, cash notes, on solvent citizens of Madison county, amounting to at least twenty thousand dollars; and that he owned thirty-one shares of stock in the Richmond and Lexington Turnpike Road Company, of the cash value of thirteen hundred dollars. *The Court say:* "Whether the evidences of debts deposited in the bank should be regarded as property within the meaning of the Code, *we are satisfied that the turnpike road stock should be.*"

HUSTON & MULLIGAN, For Appellants,
CITED—
*Civil Code, secs.* 342, 359, 180.
14 *B. Mon.,* 395; *Daniel vs. Judy.*
15 *B. Mon.,* 74; *Smith vs. Moberly.*
1 *J. J. Marshall,* 57; *Grace vs. Park.*
*Pr. Decisions; Pollock vs. Colglaryne.*

J. C. HANSBRO, For Appellee,
CITED—
*Civil Code, secs.* 180, 588.
*Angell & Ames on Corporations, page* 316, *and note; pp.* 5161-2-3, *and notes.*

---

---

*Pierce on American Railroad Law, page* 127, *and cases cited in note.*

6 *Dana,* 107; *Price vs. Price.*

17 *Mass.,* 243; *Horne vs. Starkweather.*

5 *B. Monroe,* 1; *Winchester and Lexington Turnpike Road Company vs. Vimont.*

13 *Sergeant & Rawle,* 210, 241.

14 *B. Mon.,* 393; *Daniel vs. Judy.*

18 *B. Mon.,* 229; *Clark vs. Seaton.*

1 *Duvall,* 281; *Smith & Thornton vs. Curtis.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant having become bound as surety for T. B. Field to the appellee, for the rent of a house and lot in the city of Lexington, for the term of one year, commencing on the 3d day of September, 1867, for seven hundred dollars, payable in installments of one hundred and seventy-five dollars at the end of each successive period of three months, the appellee brought this action, claiming the rent under the contract, and interest thereon for seven months and twenty days, and admitting a cancelment of the contract for the residue of the term; and upon the affidavit of the plaintiff, stating the nature of his claim, and that it was just, and that he ought, as he believed, to recover thereon four hundred and fifty dollars, and fifty dollars damages; and that the defendant had money, or securities for money, in possession of himself or of others, for his use, and was about to depart from this State without leaving property therein sufficient to satisfy the plaintiff's claim, an order for the arrest of the defendant was sued out, and he, being arrested, was released upon giving bail in the manner prescribed by the 190th section of the Civil Code of Practice.

The defendant filed an answer, resisting the recovery sought by the plaintiff against him, and controverting the grounds of the arrest.

During the pendency of the action, the defendant, upon notice, moved the court to vacate the order of arrest, which was done upon a hearing of the motion; and upon the pleadings in the case the court rendered a judgment against the defendant for four hundred and fifty dollars, with interest from the 20th day of May, 1868. He now seeks a reversal of the judgment against him, and the appellee, by cross-appeal, seeks a reversal of the judgment vacating the order of arrest.

The claim of fifty dollars as damages does not seem to be embraced in the judgment for four hundred and fifty dollars, which is less than the amount of the debt specifically alleged in the petition, with interest thereon to the 20th of May, 1858; and the answer did not, in our opinion, present any sufficient defense to the action. It was proper, therefore, for the court to render judgment against the defendant without the intervention of a jury. (*Mills vs. Brown, &c.*, 2 *Met.*, 404.) And no error appearing in that judgment to the prejudice of the appellant, it must be affirmed.

The cross-appeal of the appellee involves the construction of so much of section 180, of the Civil Code, as, with other essential facts, authorizes the suing out of an order of arrest, when the defendant is about to depart from this State, having "money, or securities for money, or evidences of debt, in the possession of himself or others for his use," without leaving "*property* therein sufficient to satisfy the plaintiff's claim."

It was proved on the trial of the motion, that although the defendant was about going to the State of Missouri, when the order of arrest was sued out, he then had on

deposit, in the Farmers' National Bank at Richmond, Kentucky, cash notes, on solvent residents of Madison county, amounting to at least twenty thousand dollars, and that he owned thirty-one shares of stock in the Richmond and Lexington Turnpike Road Company, of the cash value of one thousand three hundred dollars.

Whether the evidences of debts deposited in the bank should be regarded as *property* within the meaning of the Code, we are satisfied that the turnpike road stock should be; and as it was amply sufficient to satisfy the plaintiff's claim, the court properly sustained the motion to vacate the order of arrest.

Wherefore, the judgment against the defendant is affirmed on the appeal; and the judgment complained of on the cross-appeal is also affirmed.