## SONSTIBY *v.* KEELEY.

*(Circuit Court, D. Minnesota.* December, 1880.)

1. COMMERCIAL LAW—FEDERAL COURTS—STATE COURTS.

   Where there is a conflict between the decisions of the federal courts and those of a state court, upon a question of commercial law, the federal courts will follow the decisions of the state court if it appears that, by reason of the situation of the parties and of the subject-matter, a party would otherwise be subjected to a double payment of the same debt, without the possibility of relief from the federal courts.

2. SAME—PROMISE TO PAY DEBT OF THIRD PARTY.

   *Held,* therefore, under such circumstances, that a promise to pay the debt of a third party, upon a consideration moving from the debtor, will sustain a right of action by the creditor against such promisor in a federal court.—[ED.

Motion for a new trial.

Prior to September, 1878, one Forbes was the owner of a stock of dry goods kept in a store at Waseca, Minnesota. On the 17th of that month Forbes executed a bill of sale of said stock of goods to the plaintiff, and also delivered to him the possession thereof. Subsequently the sheriff, by virtue of certain writs of attachment against Forbes, levied upon and took possession of the goods as the property of said Forbes, under the claim that the sale to plaintiff was fraudulent and void, because made to hinder, delay, and defraud the creditors of Forbes. The plaintiff paid for said stock to Forbes some $3,000 in cash, and assumed the payment of certain debts, held by a bank in Waseca against Forbes, amounting to about $3,800, making in all $6,800, the price agreed upon. Upon the trial the court instructed the jury, in substance, that the assumption by plaintiff of this indebtedness held by the bank was a sufficient payment of so much on account of his purchase of the stock of goods; that plaintiff's promise to pay said debts bound him, and was a payment as much as the payment of a like amount in money. It is conceded that under the instruction of the court the jury must necessarily have found that plaintiff purchased without any fraudulent intent, and without any notice of any such intent on the part

of Forbes. Assuming that the jury may have found fraud on the part of Forbes, the vendor, the counsel for defendant invoked the doctrine that "the protection to which a *bona fide* holder after notice is entitled extends only to the amount that has been actually paid," and insisted that the portion of the price which was settled by assuming the bank debts was not actually paid by the plaintiff. The court, however, charged the jury, as already stated, that payment might be made, by assuming and agreeing to pay outstanding debts of the vendor. The proof showed that the agreement by which plaintiff assumed and agreed to pay the bank debts was made or at least repeated, in the presence of the cashier of the bank, to whom a list of the debts was exhibited, with the statement that plaintiff had agreed to pay them. There was no proof of any agreement of the bank to look to plaintiff or to release Forbes, except the proof that the cashier was advised of, and assented to, the arrangement. The court held this to be sufficient to bind plaintiff to pay said bank debts, and therefore a payment by him of so much on the purchase price of the goods. This is the ruling now complained of.

*Wilson & Gale* and *Rogers & Rogers*, for the motion.

*C. K. Davis*, contra.

McCrary, C. J. 1. I have grave doubts as to the propriety of attempting to apply to a case at law the principle invoked by counsel for defendant in this case. That principle is that where the vendee buys in good faith, and without notice of fraud on the part of the vendor, and pays a part only of the consideration, agreeing to pay the remainder at a future day, if, before such remainder is paid, he receives notice of the vendor's fraud, he will be protected only to the amount actually paid before notice. No doubt this is a sound principle of equity; but can it be applied by a court of law? Can such a court rescind the contract *pro tanto*, and place the parties *in statu quo*? If so, can it be done in a case like the present, in which no issue is made except upon the validity of the sale? If the sale was held void, so as to leave the title in Forbes, against whom the attachments were issued, judgment at law could be rendered for defendant; but where the sale is found

to be valid and *bona fide*, in so far as the vendee is concerned, and the title is vested in him, and where he has sold or disposed of a portion of the stock, and probably expended money and given time and labor in its care and preservation, it seems probable that only a court of equity would be competent to grant any relief to the creditors of the vendor.

2. But it is not necessary to pass finally upon this question, as I am clearly of the opinion that the proof shows a payment by plaintiff of the whole of the purchase price. It is contended that the promise by plaintiff to assume and pay the indebtedness of Forbes at the bank, though made as a part of the consideration for the purchase, was not payment, and this for the reason that plaintiff is not legally bound to pay those debts. It is said that the holders of those claims can not sue plaintiff and recover upon them. Upon this question there is a conflict of authority in this country. In many of the states the right of action by the payee of such debts against the party assuming to pay them is maintained, even where such payee is not party to the contract.

This upon the ground that such a promise is an original promise, based upon a valuable consideration, namely, the sale and delivery of the goods. 1 Pars. Con. (5th Ed.) 466–468; *Fanly* v. *Cleveland*, 4 Cow. 432; *Same* v. *Same*, Id. 639; *Canal Co.* v. *Bank*, 4 Duer, 97; *Lawrence* v. *Fox*, 20 N. Y. 268; *Arnold* v. *Lyman*, 17 Mass. 400; *Carnagie* v. *Morrison*, 2 Met. 404; *Crocker* v. *Stone*, 7 Cush. 338; *Hynd* v. *Holdship*, 2 Watts, 104; *Burs* v. *Robinson*, 9 Barr, 229; *Eddy* v. *Roberts*, 17 Ill. 508; *Todd* v. *Tobey*, 29 Me. 219; *Motley* v. *Manuf'g Ins. Co.* Id. 337; Metcalf on Contracts, 205–11, and cases cited in notes.

And such is the law in Minnesota, as repeatedly decided by the supreme court of that state. *Sanders* v. *Clason*, 13 Minn. 379; *Goetz* v. *Foos*, 14 Minn. 265; *Merriam* v. *Lumber Co.* 23 Minn. 314. But the opposite doctrine is maintained by numerous cases, and among them, by the supreme court of the United States, in *Nat. Bank* v. *Grand Lodge*, 98 U. S. 123; 2 Chitty, Con. (11th Ed.) 74, and cases cited in notes; *Mellon* v. *Whipple*, 1 Gray, 317.

v.7, no.4—29

Ordinarily this court would feel bound to adopt and follow the rule laid down by the supreme court in *Nat. Bank* v. *Grand Lodge, supra;* but, under the peculiar circumstances of the present case, I am clearly of the opinion that I ought to apply the rule established by the supreme court of the state of Minnesota. It will be observed that the plaintiff assumed and agreed, in consideration of the sale to him of the stock of goods, etc., to pay certain debts held by the bank against Forbes. In so far as the debts are the property of the bank, it is certain that they can be sued upon only in the state courts; for it appears that the bank is a corporation of the state of Minnesota, and the plaintiff a citizen of that state. How many of these debts belong to the bank, and how many to other parties represented by the bank, and how many of such other parties are citizens of Minnesota, does not appear, nor is it material; it is enough to say that certainly a part, and probably the whole, of said debts could only be collected by suit in the state courts. It may be that some of the claims are for less than $500, and for that reason not within the jurisdiction of this court. I must assume, therefore, that, in case plaintiff refuses to pay said claims, suits must be brought, certainly upon some of them, and probably upon all of them, in the courts of Minnesota.

So far as those courts are concerned, as already seen, the law is settled by repeated decisions of the supreme court, and, in accordance therewith, the plaintiff would be held liable in a suit by the payee of any of said debts. The question therefore is, shall this court hold that the creditors of Forbes are entitled to recover from plaintiff the sum of those debts, in this case, and thus subject him to a second payment of the same amount to the holders of the claims?

A decision which would establish injustice such as this, is not, I am sure, required at my hands. It is true that this case does not belong to the class in which, as a rule, the federal courts are required to follow the decisions of the highest judicial tribunal of the state. But, although the question is a new one, I am clearly of the opinion that, even on questions purely of commercial law, the federal courts

should follow those decisions if it appears that, by reason of the situation of the parties and of the subject-matter, to hold otherwise would subject a party to double payment of the same debt, without the possibility of relief from the federal courts. The motion for a new trial is overruled.