CHIEF JUSTICE HARDIN
delivered the opinion op the court.
This appeal is prosecuted for the reversal of a judgment rendered against the appellant personally for two installments of the price of a tract of land, evidenced by notes which were due, and also for enforcing the vendor’s lien by a sale of the land, or so much as is necessary to satisfy said debts and costs; subject, however, to a lien in favor of the plaintiff as the holder of another note for $323.40, then not due, which, like the others, was given by the appellant for part of the price of the land.
The principal question presented for oúr determination is whether the judgment is or not erroneous, in so far as it directs the sale to be made subject to the plaintiff’s lien for the debt *25 of $323.40. The appellee being the owner of all the notes, no question could arise as to priority of legal or equitable rights in consequence o'f the existing lien for each of the debts. But the appellant being entitled to a judgment enforcing his lien for the debts which were due, and not then having a right to subject the land to sale for the deferred note also (Burton v. McKinney, 6 Bush, 428), it seems to us the judgment of the court should have been such as to afford to the plaintiff the relief to which he was entitled without unnecessarily impairing his rights connected with his remaining debt, nor unjustly affecting those of the defendant by exposing the land to sale in some mode or manner unnecessarily injurious to him. As a general rule, judicial sales ought, when practicable, to be made so as to pass to the purchaser a complete and unencumbered title, that mode being best calculated to insure fairness in the sale and invite competition in bidding, thus preventing a sacrifice of the property, and consequent injury often to both the debtor and creditor. According to this view, instead of ordering a sale of all or a part of the land to satisfy part only of the plaintiff’s debts, reserving a lien and consequent encumbrance on the same land in his favor for the residue, the court should have simply directed a sale of enough of the land to pay the debts and costs then adjudged, leaving the deferred installment of the price a lien on any remaining portion of the land.
The personal judgment against the appellant is complained of as erroneous; but, although his answer purports to set out his discharge in bankruptcy, there is no authenticated copy of it in the record, and we can not therefore decide that the appellant was not liable to a personal judgment.
But for the error indicated the judgment is reversed, and the cause remanded for a judgment in conformity to this opinion.
Judge Pryor dissenting.