WINDISCH MUHLHAUSER & BRO. *v.* U. V. KOCH'S ADM'X, ET AL.

**Subrogation.**

Where the administratrix, who is also dowress, advances money to pay a debt secured by mortgage she is not a mere volunteer, but is entitled to be subrogated to the rights of the creditors to whom she made payment.

**Commissioner's Sale.**

A sale of property subject to an uncertain and unliquidated lien tends to the sacrifice of the property, and where it is at all practicable such sales ought to be made so as to pass to the purchaser a complete and unincumbered title.

APPEAL FROM KENTON CHANCERY COURT.

September 12, 1877.

OPINION BY JUDGE COFER:

A sale of property subject to an uncertain and unliquidated incumbrance tends to the sacrifice of the property and to the injury of those having rights and interests therein. In such a case a commissioner does not know what he is selling, and bidders cannot be assured of the value of the interest offered for sale. *Mills v. Brown,* 2 Met. 404. As a general rule such sales ought, when practicable, to be made so as to pass to the purchaser a complete and unincumbered title. *Emison v. Risque,* 9 Bush 24.

Tested by these principles the court erred in ordering the property involved in this litigation to be sold without ascertaining whether Mrs. Koch had a lien on it for the money paid to the building associations. She should have been required to prepare her case so as to present whatever claim she had. In case she established her claim, the amount of it should have been ascertained and the property should then have been adjudged to be sold to satisfy all the liens upon it, so that the purchaser might acquire an indisputable and unincumbered title.

If, as claimed by Mrs. Koch, she paid debts which were secured by mortgages on the real estate in question, she is entitled to be subrogated to the rights of the creditors to whom she made payment. She is not in the attitude of a volunteer. She had a right, both because she was administratrix and because she was dowress, to pay off the mortgage debts in order to protect the estate from sale under the mortgages.

The record of the suit of Raum is not copied into the transcript before us, and it does not contain anything showing that he had a subsisting lien, and we must adjudge that he was improperly adjudged priority over the appellants. The commissioner reported that it was not practicable to allot dower to Mrs. Koch in the real estate of her husband, and because of that fact the whole was ordered to be sold, and for the purpose of ascertaining the value of her dower the price realized for the whole property must be taken to be its value.

She joined in the mortgages to the building associations, and thereby waived her dower as against these mortgages, and any sum that may be adjudged to her for payments made on the mortgaged

debts should be deducted from the aggregate net proceeds of the sale of the property, and she should be endowed out of the residue, and not out of the whole sum.

Raum is not a competent witness to establish his claim to a lien. That Mrs. Koch employed different attorneys to represent her does not ·necessarily show that she has acted improperly or extravagantly. She may, for aught we see to the contrary, have employed them in different matters, and without increasing the expense to the estate in consequence of the employment of several.

For the errors indicated the judgments are *reversed,* and the cause is remanded for further proper proceedings. The object of the cross-appeal by Mrs. Koch seems to be to reverse the judgment sustaining exceptions to the rights of the building associations as to the amount paid to them by her.

There is no evidence in the record that the debts on which she made payments are the same secured by the mortgage, and there is therefore no ground for reversal on her appeal. But all she desires is accomplished by the reversal on the original appeal. The judgment is therefore *affirmed* on the cross-appeal.

*Simmons & Schmidt, for appellants.*
*Pryor & Chambers, for appellees.*