JUDGE PRYOR
delivered the opinion of the court.
The notes for the purchase-money having been executed by the husband and wife, and the conveyance made to the wife, we perceive no reason why the house and lot may not be sold to pay the purchase-money. The wife is not held liable on her obligation to pay, the claim for a personal judgment having been withdrawn. The demurrer was also properly sustained to the third paragraph in the answer, in which a set-off is attempted to be pleaded in the name of the wife, and while her inability to sue can only be taken advantage of by special demurrer, still the general demurrer was rightfully sustained for the reason that the statements contained in it did not authorize a recovery.
The averment that the plaintiff received $400 for the use *473 of the defendant, and thereby became indebted, having paid no part of it, is insufficient. The facts showing how it was received, such as created an indebtedness, must be alleged; such a pleading is not good under the Code.
It appears in this case that the vendor of the appellants who is the party seeking to enforce the lien, holds other lien-notes not yet matured, executed for the purchase-money. The property directed to be sold is a house and lot on Mulberry Street in the city of Lexington, and the judgment is to sell the property, or so much of it as may be necessary to satisfy the debt, suit, and costs, the debt being the second payment on the property.
By sub-section 3 of section 694, chapter 4, Bullitt’s Code, it is provided, “That when it appears from the petition or otherwise that several debts are secured by one lien, or by liens of equal rank, and they are all due at the commencement of the action, or become so before judgment, the court shall order the sale for the pro rata satisfaction of all of them; but if, in such case, the debts be owned by different persons, and be not all due, the court shall not order a sale of the property until they all mature. If all such liens be held by the same party, the court may order a sale of enough of the property to pay the debt then due, unless it appear that it is not susceptible of advantageous division; or, that, for some other reason, the sale would cause a sacrifice thereof, or seriously prejudice the interests of the defendants.”
This court will presume that a house and lot in a city or town is not susceptible of advantageous division, and has so adjudged in opinions heretofore rendered. The court therefore should not have ordered a sale of the house and lot unless it appeared it was susceptible of advantageous division, until all the purchase-money was due. When the liens are held by different parties, and some of them are not due, no sale can be made until they all mature. This rule does not apply in a *474 case where one party holds all the lien-notes, if the property adjudged to be sold is susceptible of advantageous division; but if not, the vendor must wait until all his liens can be enforced.
It is further provided, that if a sale of one of the lien-debts would cause a sacrifice of the property, or seriously prejudice the rights of the defendant, the sale will not be ordered until all the liens may be enforced. Sub-section 3 was embodied in the Code for the purpose of regulating the manner in which liens upon real estate might be enforced, and sub-section 2 of section 694 has no application to a case like this. Section 2 provides, that “ If it be necessary to sell, for the payment of debt, a parcel of real property which can not be divided without materially impairing its value, the officer shall sell the whole of it, though it bring more than the sum to be raised, and the court shall make proper order for the distribution of the proceeds." This section has no reference to the rights of pai’ties in a court of equity holding several liens on the same property, or to the rights of a vendee’ who holds all the lien-notes in his own pocket. He is required by section 3 to set forth in his petition all the liens, if any, existing on the property; and if some of the liens are not due, and the property can not be advantageously divided, his right to enforce his liens is postponed until a sale can be made to satisfy the whole of the purchase-money.
Section 2 applies to the officer who, by virtue of the writ of fi. fa. in his hands, is invested with authority to sell the property. Besides, in this case there is not a sufficient description of the property in the judgment rendered. The petition says it is a house and lot on Mulberry Street in the city of Lexington. The judgment follows the petition.
The judgment for the reasons indicated is reversed, and cause remanded for further proceedings consistent with this opinion.