BEN F. FRANK v. W. S. LACY ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—335, as Frank v. Lacey.]

**Agent's Representations to Induce One to Buy Real Estate.**

Where an agent to induce a prospective purchaser makes representations as to the quality of the land, but only for the purpose of having the buyer to go and examine it, which he does and has as good or better opportunity to know the land and its value, and then buys the same, he can not avoid paying for the land after receiving conveyance and taking possession, on the claim that the agent made false representations to him as to the quality of the land.

APPEAL FROM MARSHALL CIRCUIT COURT.

October 22, 1881.

OPINION BY JUDGE PRYOR:

The agent of Jessup (Giltman) seems to have been entirely

ignorant of the land sold to the appellant, except from the information derived from the owner, and had no interest in it other than the usual commission for selling.

He no doubt represented the land as containing upon it valuable timber, and this he had the right to suppose from his general knowledge of its locality; but these representations were not intended to deceive the appellant, nor was he influenced by such statements further than to induce him to go upon the land and make the examination for himself. He went upon the land, saw its surroundings, and according to his own letter found but little valuable timber upon it, and that one-half or perhaps two-thirds of it was subject to overflow. In this letter he says: "I am sorry to say that it (the land) is not as good as I expected to find. Over two-thirds of it overflows, and the land that does not is covered with pine and post oak, etc. Please write me at Florence, Indiana, your least price, etc." This was written by the appellant after he had looked at the land and before the trade was consummated; yet the appellant is relying on the fact that the land overflows, and its destitution of timber for relief, upon the idea that the agent, Giltman, made false representations in regard to it. That appellant bought the land for the timber upon it, or that this was the primary object, is manifest from the proof, and the testimony conduces to show that there was upon this land valuable timber and the appellee had been realizing from the sale of it.

It is alleged, however, that young Jessup, who accompanied appellant to the land, represented to him that a tract of 245 acres adjoining this land was embraced within the boundary, when the assertion was false and fraudulent and intended to deceive appellant. It appears that young Jessup, who had never been upon the land, and knew nothing of the boundary, was told by the party accompanying them and by others that this land was Clark's and that he was in possession either as tenant or owner, and yet the young man persisted in saying that it was included in the boundary. He had no greater idea of the boundary than appellant, and it is unreasonable to suppose that he made the assertion or that appellant was influenced by it, if made. According to the proof of appellant's own witnesses it was of no greater value than the land sold, and young Jessup swears that he knew nothing of the boundary and had never been upon the

land and carried a letter of introduction from his father to some one being near it, asking him to show the land to his son and the appellant. Appellant is in possession of the entire tract sold him, with no deficit in the number of acres, and when he had a full and fair opportunity of knowing all about it. He consulted with a lawyer in the county in regard to it, and ascertained the value of the lands adjoining, and certainly had more information in regard to the land than Jessup's agent. There may be and is some defect in the paper title; still the title of record can be traced back to the year 1835, a period of over forty years, and a possession for more than thirty years, with perhaps a short interval when no one was on the land, but no adverse claim asserted.

The appellant is in the possession under a general warranty deed, has never been evicted, nor has any hostile claim been asserted; and with the conveyance fully executed and the party in possession, there is no reason for rescinding the contract. The wife accepted the deed as the agent of the husband or in her own right. It was put to record and the purchase-money paid by the wife; the husband was a party to it and made the contract, and it is now too late to rely upon the coverture of the wife, for the purpose of showing that an acceptance by her was not an acceptance by the husband. Not only so, but the parties after the execution of the deed entered into the possession and are now in the possession under the recorded conveyance. This is itself an acceptance.

There is no effort to make the feme personally liable, but to subject the land to the payment of the purchase-money, and the fact that the deed was made to her or that it was purchased for her affords no reason for refusing the relief sought. *Fought v. Henry,* 13 Bush (Ky.) 471.

Judgment *affirmed.*

*Gilbert & Reid, L. D. Husbands, for appellant.*

*Petree & Little, for appellees.*

[Cited, *McClure v. Bigstaff,* 18 Ky. L. 601, 37 S. W. 294, 38 S. W. 431; *Shoptaw v. Ridgway's Admr.,* 22 Ky. L. 1495, 60 S. W. 723.]