ANGELINE MILLER, ET AL. *v*. JORDAN HAYNES' ASSIGNEE, ET AL..

[Abstract Kentucky Law Reporter, Vol. 5—239.]

**Contract of Married Woman.**

A married woman can not enter into a contract which will bind either her or her estate, but when a contract for the purchase of land, which has been executed, has been entered into by her and her husband for her benefit and the conveyance is made to her, the above rule is not applicable since the contract is in fact that of the husband although evidenced by note signed by the wife alone.

APPEAL FROM OHIO CIRCUIT COURT.

September 8, 1883.

OPINION BY JUDGE HINES:

Mrs. Miller, one of the appellants, through the negotiations of her husband, who is coappellant, purchased of appellees a tract of land for which she has paid with the exception of the amount evidenced by the note sued upon, which note is signed by Mrs. Miller alone. Appellants took possession of the land under the purchase and received a deed to Mrs. Miller with covenant of special warranty. This action was instituted against appellants on the last purchase-money note, seeking to enforce a lien retained in the deed. The defense set up was that of coverture and defect of title. The court below rendered personal judgment against both of appellants and decreed a sale of the land to pay the note sued upon. It is claimed on this appeal that the judgment ought to be reversed, first, because of the incapacity of Mrs. Miller to contract, and, second, because of defect of title which authorized a rescission of the contract and compensation for the improvements made by appellants.

The general rule is that a feme covert can not enter into a contract which will bind either her or her estate, but when the contract for the purchase of land, which has been executed, has been entered into by her and her husband, for her benefit, and the conveyance

made to the wife, there is no reason for the application of the rule, since the contract is in fact the contract of the husband, although evidenced by note signed by the wife alone. It is unnecessary to discuss the question as to how far the contract could be enforced if entered into by the wife alone, without the intervention or acquiescence of the husband, for such a case does not arise here. *Faught v. Henry,* 13 Bush (Ky.) 471. The decree enforcing the lien on the land is correct unless there is an absolute failure of title in the vendors, which does not appear to be the case. Appellants accepted the conveyance and took possession under it, and now assign the specific defect that appellees held only a life estate in the land when it was represented that they held a fee-simple title. This appellants fail to establish. There is no record evidence or evidence of any character that any one else than appellees hold any title to or have any interest in the land. To establish this the burden was on the appellants, they being in possession under conveyance of the absolute fee.

There is no error, however, in the decree giving a personal judgment against appellants. The judgment against Mrs. Miller is wrong because she is a married woman, and it is wrong against the husband because he did not stipulate for personal liability, appellees looking to the land alone for the purchase-money for the land. The decree should be enforced requiring appellees to execute a deed of general warranty since such appears to have been the intention and understanding of the parties.

The decree, so far as it gives personal judgment against Miller and wife, is *reversed,* but affirmed so far as it directs the land to be subjected to the payment of the note sued on.

*Townsend, Massie & Fogle, for appellants.*
*W. N. Sweeney, for appellees.*