CASE 31—PETITION EQUITY—SEPTEMBER 11.

# Leopold v. Furber.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. IN AN ACTION TO ENFORCE A VENDOR'S LIEN when some of the purchase money notes are not due, if it appears that the property is not susceptible of advantageous division, the court should not order a sale of it, or any part of it, until the maturity of all the notes, although all are held by the same person.

2. SUPERSEDEAS—DAMAGES.—Where, in an action to enforce a lien, judgment is rendered for the recovery of the debt, as well as for the sale of the property, and the entire judgment is superseded, the plaintiff is entitled to damages upon the affirmance of so much of the judgment as is *in personam*, although the judgment for the sale of the property be reversed.

A. DUVALL FOR APPELLANT.

1. The land being indivisible, the vendor's right to enforce his lien is postponed until all the purchase money notes are due. (Burton v. McKinney, 6 Bush, 428; Faught v. Henry, 13 Bush, 471; Civil Code, section 694, subsection 3.)

2. It was error to make the commissioner's power to sell depend upon whether or not the judgment was paid by a certain time. The practice of submitting to a ministerial officer the determination *in pais* of important questions of fact, and then giving him power to act upon such determination. has been condemned by this court. (1 Mon., 66; 4 Litt., 302; 3 Dana, 180.)

C. J. HELM ON SAME SIDE.

As some of the purchase money notes were not due, and the land was indivisible, the court had no power to order a sale. In such a

case the enforcement of the lien must be postponed until all the notes mature. (Civil Code, section 694, subsection 3; Burton v. McKinney, 6 Bush, 428; Faught v. Henry, 13 Bush, 471.)

F. J. SUTTON, OF COUNSEL, ON SAME SIDE.

J. F. & C. H. FISK FOR APPELLEE.

1. The judgment *in personam* and the judgment *in rem* are separate and distinct, and even though the judgment *in rem* has to be reversed, the judgment *in personam* must be affirmed with damages. (Civil Code, sections 368, 374, 376, 747, 751; General Statutes, chapter 38, article 4, page 419; Edwards v. Kendrick, MS. Opinion, December, 1856; Landrum v. Trimble, &c., MS. Opinion, January, 1858; Myers' Code, section 406; Ghiselin, &c., v. Sterritt, MS. Opinion, October, 1856; Chambers v. Keene, &c., 1 Met., 294; Simrall et al. v. Reid, 2 Dana, 65, 66, 67; Harlan v. Murrell, 3 Dana, 181; Downing v. Palmeeter, 1 Mon., 65; Talbott v. Martin, &c., 5 Litt., 326; Worth et al. v. Smith, 5 B. Mon., 504; Graham v. Swigert, 12 B. Mon., 530; Shean v. Cunningham, 6 Bush, 126; Warren v. Linsey, MS. Opinion, January, 1857; Walker v. Mitchell, 18 B. M., 546; Cox v. Fenwick, 3 Bibb, 185; Hansford v. Holdam, 14 Bush, 213.)

2. Where a lien exists to secure several notes maturing at different times, all held by the same party, and the land is indivisible, there is no law or rule of practice that requires the enforcement of the lien to be postponed until all the notes mature. The entire land should be sold, and the balance of the proceeds, after paying the notes adjudged to be due, should be held by the court and applied to the payment of the other notes as they fall due. (Bullitt's Code, sections 229, 231, 692, 694, and 695; Myers' Code, sections 252, 253, and 405; Emison v. Risque, 9 Bush, 25; Doyle, &c., v. Sleeper, &c., 1 Dana, 542.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The plaintiff in this case in his petition asked for personal judgment on two of the notes then due, and also for the enforcement of the vendor's lien and sale of the seven tracts of land for the satisfaction of all the notes given for the purchase money, although three of them had not then matured.

In accordance with the prayer of the petition, the court at its January term, 1884, rendered personal judgment for the aggregate amount of three of the

notes, the third having then become due, and gave the right to an execution thereon.

It was further adjudged at the same time that the plaintiff was then entitled to an enforcement of his lien on all the tracts of land for the payment of all five of the notes, as well those not due as those due, and the Master was authorized and directed to make sale thereof for that purpose. But it was provided that in case the plaintiff caused an execution to issue, the judicial sale should not be made by the Master until the return of the execution, and not then if the amount for which the personal judgment was rendered should have been satisfied by a sale under the execution, or by voluntary payment thereof.

From that judgment the defendant prosecutes this appeal, and February 29, 1884, executed a supersedeas bond, in which, after reciting the judgment as rendered, that he had prayed an appeal therefrom, and desired to supersede it, he covenanted as provided by the Civil Code in such cases. And upon the execution of that bond the clerk of the court rendering the judgment issued a supersedeas, which is still in force, commanding appellee and all others, to stay proceedings on the entire judgment, as well that part of it *in personam* as that part which enforced the lien and directed a sale by the Master.

Section 376, Civil Code, provides that, "in an action to enforce a mortgage or lien, judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally."

An answer was filed by the defendant in this case, which was subsequently, for cause, stricken from the

files, and afterwards an amended answer was tendered but rejected. But as clearly neither the original or amended answer stated facts constituting a defense to the action, which counsel for appellant seem to concede, the judgment may be considered as having been rendered by default. And, as under the Civil Code, appellee was entitled to a judgment against appellant personally for the amount of the three notes then due, there was no error by the lower court in rendering it, and to that extent the judgment must be affirmed. And it, therefore, necessarily follows, that if the effect of the supersedeas was to stay execution which might otherwise have been issued and levied on other property of the defendant besides the seven tracts of land, appellee is entitled to damages.

By section 751 of the Code, it is provided, that "the supersedeas may be issued to stay proceedings on a part of the judgment, and in such case the bond shall be varied so as to secure the part superseded."

But appellant in this case did not avail himself of the provision of that section of the Code. On the contrary, reference is made in the bond not to a part, but to the entire judgment, and it is therein stated that appellant desires to appeal from it, and the order of supersedeas by its terms suspends all proceedings under it.

But we think the lower court erred in enforcing the vendor's lien and directing a sale by the Master of any part of the land, while two of the notes given for purchase money were not due.

Subsection 3 of section 694, Civil Code, provides

as follows: "The plaintiff in an action to enforce a lien on real property shall state in his petition the liens, if any, which are held thereon by others, and make the holders defendants; and no sale of the property shall be ordered by the court prejudicial to the rights of the holders of any of the liens; and when it appears, from the petition or otherwise, that several debts are secured by one lien, or by liens of equal rank, and they are all due at the commencement of the action, or become so before judgment, the court shall order the sale for a *pro rata* satisfaction of them; but if, in such case, the debts be owned by different persons, and be not all due, the court shall not order a sale of the property until they all mature. If all such liens be held by the same party, the court may order a sale of enough of the property to pay the debts then due, unless it appear that it is not susceptible of advantageous division; or that, for some other reason, the sale would cause a sacrifice thereof, or seriously prejudice the interests of the defendants."

It is not only stated in the petition, which is not controverted, but it is assumed in the judgment appealed from, that the land directed to be sold is *not* susceptible of advantageous division. And such being the case, it seems to us clear that no part of it could be legally adjudged to be sold until the last lien note fell due.

The appellant, in this case, was in default when the judgment was rendered only to the extent of the three notes that had matured, and only so much of his land could be legally subjected to sale as was

necessary to pay the amount of them. But as the land could not be advantageously divided, it neces-sarily resulted that all or none of it could be sold. To sell and thus deprive the purchaser of the use and enjoyment of all the land, and of the means relied on by him to pay off the notes not due, would be unjust and oppressive. We think, there-fore, the construction heretofore given to the subsec-tion quoted by this court in the case of Faught v. Henry, 13 Bush, 471, is not only consonant with rea-son and justice, but with the obvious meaning of the language used, and it should be adhered to.

In that case, which was similar to this, it was expressly held, that "the court should not have or-dered a sale of the house and lot unless it appeared it was susceptible of advantageous division until all the purchase-money was due."

Wherefore, so much of the judgment as is *in per-sonam* must be affirmed with damages; but that part of it which ordered a sale of the land is reversed, and the cause remanded for further proceedings con-sistent with this opinion.