Gentry v. Walker, &c.

CASE 72—PETITION EQUITY—OCTOBER 20.

# Gentry v. Walker, &c.

### APPEAL FROM MADISON CIRCUIT COURT.

1. AN APPEAL LIES FROM AN ORDER CONFIRMING REPORT OF SALE OF LAND, although an appeal from the judgment ordering the sale is barred by limitation.

2. VENDOR'S LIEN—SALE TO SATISFY NOTE NOT DUE.—The whole of a tract of land can not be sold to satisfy notes for purchase money unless all of the notes are due at date of judgment for sale. To authorize a sale to satisfy a part of the notes there must be a division of the land, and if the land is not susceptible of advantageous division there can be no sale until all the notes fall due, although they are all held by the same person.

It was error in this case to order a sale of the land to satisfy all the purchase money notes when one of them was not due; and though that judgment can not be reversed because not appealed from in time, yet, as it was error under the circumstances to overrule exceptions and confirm the sale, the order confirming the sale is reversed. But as all the notes are now due, the court should order a resale if desired.

J. W. CAPERTON AND C. F. BURNAM FOR APPELLANT.

1. The sale should be set aside because the land sold for less than it was worth.

2. It was error to order a sale of the land when one of the lien notes was not due.

J. A. SULLIVAN FOR APPELLEE WALKER.

1. This case is not before this court as required by law, either on the judgment of sale or judgment confirming the sale. The first is barred by lapse of time, and no appeal has been asked for or granted as to either judgment here or below. An appeal granted by the judge in the bill of exceptions will not suffice.

2. If the judgment of sale was premature and contrary to law, this question could not be raised by an exception to the report of sale. Appellant should have entered a motion to set aside the judgment.

3. Subsection 3 of section 694 of the Civil Code is not applicable to this case. That provision applies only where several debts are secured by one lien or by liens of equal rank.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

February 24, 1887, appellant Gentry purchased of

appellee Walker a tract of land, for which was paid in cash two thousand one hundred dollars, and two notes executed for one thousand one hundred dollars, due January 1, 1889, and one thousand dollars, due January 1, 1890.

March 8, 1889, this action was ·brought for judgment on the note then due and sale of the land to satisfy it. Answer was filed, in which a counter-claim and set-off for about ninety-eight dollars was pleaded. But, without passing on the merits of defendant's counterclaim, a judgment was rendered September 25, 1889, for amount of the note sued on, and also for amount of a note given by defendant to A. M. White, made a party to the action, for three hundred and forty-seven dollars, and secured by a mortgage lien on the land; and by the same judgment the master commissioner was directed to sell the land or so much thereof as necessary to satisfy unpaid purchase money of the plaintiff and the mortgage debt of A. M. White.

In pursuance of that judgment a sale was, November 6, 1889, made, the land bringing the sum of three thousand dollars, more than sufficient to pay off both notes given to plaintiff, and also the White debt. To report of that sale the defendant, at the March term, 1890, of the court, filed exceptions, which were then, by judgment or order, overruled and the sale confirmed. From that judgment this appeal was taken December 7, 1891.

It will be seen that more than two years elapsed from date of the judgment on the notes for sale of the land before the appeal was prosecuted, and of course a bar to appeal therefrom exists. But this is an appeal from the judgment or order confirming report of sale; and as the

purchaser of the land, W. J. Shearer, has been made a party, and the period within which the appeal could have been prosecuted had not expired, there is no reason why this court may not consider and determine whether such judgment or order is proper.

Construing section 694, Civil Code, this court has decided, in Leopold v. Furber, 84 Ky., 214, following Faught v. Henry, 13 Bush, 471, that in an action to enforce a vendor's lien, if some of the notes are not due and it appears from the petition that the property is not susceptible of advantageous division, no part of it should be sold until all the notes fall due, although they are all held by the same person. The meaning of that construction, as well as of the plain intent of the Legislature, is that the whole of a tract of land can not be sold to satisfy notes for purchase money unless all of them are due at date of judgment for sale; but to authorize sale of a part there must be a division of the land. In this case no division of the land was made or ordered, but the whole of it was sold to satisfy, not merely the note due, but, as stated in the judgment, to also satisfy the note not due, and the sale was actually made before one of them was due.

Though that judgment can not be now reversed or considered, because not appealed from in time, the judgment or order confirming the sale made thereunder can be considered; and as the court clearly erred in overruling exceptions and confirming that sale, it must be reversed and cause remanded, with directions to set aside the sale, and if desired order a resale, as both notes are now due.