## Salyer, et al. v. Union Bank, et al.

(Decided October 15, 1912.)

### Appeal From Letcher Circuit Court.

1. Mortgages—Enforcement of Lien—Several Liens—Property Indivisible—If Liens Not All Due, Error to Sell—If Due, Error to Sell Subject to Other Liens—Civil Code, Sections 692, 694.—Where there are two or more liens on property which cannot be divided without materially impairing its value, it is error to sell the property before all the liens mature. If all the lien debts are due, it is error, in a proceeding to enforce one of the liens, to order a sale of the property subject to the other liens.

2. Appeal—Record of Another Action Not a Part of Record of Appealed Case—Motion to File Here.—The record of another action, not made a part of the record of the appealed case in the court below, cannot on motion be made a part of the record here.

D. D. FIELDS & SON, D. I. DAY for appellants.

IRA FIELDS and DISHMAN, TINSLEY & DISHMAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On October 9, 1907, appellants, D. W. Salyer and Hester A. Salyer, his wife, executed and delivered to the Whitesburg State Bank their promissory note, whereby they agreed to pay said bank within four months thereafter the sum of $362.84, with six per cent interest thereon from maturity until paid. For the purpose of securing the payment of said note, they, at the same time, executed and delivered to the bank a mortgage on their property located in the town of Whitesburg. Thereafter, the Whitesburg State Bank consolidated with the Citizens Bank of Whitesburg, and the two banks became a single corporation under the name of the Union Bank, and the latter became invested with title to all property, funds and assets belonging to the Whitesburg State Bank and the Citizens Bank of Whitesburg.

This action was brought by appellee, Union Bank, against appellants to enforce its mortgage lien. It was charged in the petition that the property could not be divided without materially impairing its value, and that there were no other liens on the property known to ap-

pellee except a mortgage for $902 executed to E. W. Baker by S. E. Baker and wife, October 8, 1903, at a time when said Baker and wife were the owners of the property; and that at the time of the filing of the action this mortgage was held by one James P. Lewis. The petition asked judgment against D. W. Salyer and his wife for $362.84, subject to a credit of $25 paid December 6, 1909; that the defendant, James P. Lewis, be summoned and required to answer and set up his lien against the property and the amount claimed by him; that the property be sold and a sufficiency of the proceeds of the sale to satisfy said judgment be applied to that purpose. Summons was served on appellants and James P. Lewis. None of them answered, and judgment went by default. It was adjudged that the property could not be divided without materially impairing its value, and that the same be sold and the proceeds applied to the satisfaction of the bank's debt. Instead of selling the property as a whole, the judgment directed that the property be sold subject to the lien held by James P. Lewis. From that judgment this appeal is prosecuted.

Section 692 of the Civil Code is as follows:

"The plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others, making them defendants; and may ask for and obtain a judgment for a sale of the property to satisfy all of said liens which are shown to exist, though the defendants fail to assert their claims. Such defendants shall not, however, be allowed to withdraw or receive any of the proceeds of such sale, until they have shown their right thereto by answer and cross petition. But unless a personal judgment be prayed for in such cross petition, there need not be any summons thereon; and it shall be treated with reference to the time of answering thereto, as a set-off or counterclaim."

Section 694 of the Civil Code is as follows:

"1. Before ordering a sale of real property for the payment of debt, the court must be satisfied by the pleadings, by an agreement of the parties, by affidavits filed, or by a report of a commissioner or commissioners, whether or not the property can be divided without materially impairing its value; and may cause it to be divided, with suitable avenues, streets, lanes or alleys, or without any of them.

"2. If it be necessary to sell, for the payment of debt, a parcel of real property which cannot be divided without materially impairing its value, the officer shall sell the whole of it, though it bring more than the sum to be raised; and the court shall make proper orders for the distribution of the proceeds.

"3. The plaintiff in an action to enforce a lien on real property shall state in his petition the liens, if any, which are held thereon by others, and make the holders defendants; and no sale of the property shall be ordered by the court prejudicial to the rights of the holders of any of the liens; and when it appears from the petition or otherwise, that several debts are secured by one lien, or by liens of equal rank, and they are all due at the commencement of the action, or become so before judgment, the court shall order the sale for the pro rata satisfaction of all of them; but if, in such case, the debts be owned by different persons and be not all due, the court shall not order a sale of the property until they all mature. If all such liens be held by the same party, the court may order a sale of enough of the property to pay the debts then due, unless it appear that it is not susceptible of advantageous division; or that, for some other reason, the sale would cause a sacrifice thereof, or seriously prejudice the interests of the defendants."

It is first insisted that the judgment is erroneous because the court adjudged that the property could not be divided without materially impairing its value. It appears from the description given of the property in the petition that it is the residence of appellant. It is also alleged in the petition that the property cannot be divided without materially impairing its value.

Section 694, Civil Code, supra, provides that before ordering the sale of real property for the payment of a debt, the court must be satisfied by the pleadings, by agreement of the parties, by affidavits filed, or by the report of a commissioner or commissioners whether or not the property can be divided without materially impairing its value. As the court may determine the question from the pleadings, and as the pleadings not only show that the property is residence property, but alleges that it cannot be divided without materially impairing its value, and this allegation is not denied, and none of the parties are infants, it follows that the chan-

cellor was justified in adjudging the property indivisible.

But it is insisted that it was improper to sell the property subject to the prior lien of James P. Lewis. It will be observed that sections 692 and 694 of the Code, supra, require plaintiff, in an action to enforce a lien, to set up the liens, if any, that are held by others, and to make the holders defendants; that plaintiff may obtain a judgment for the sale of the property to satisfy all of the liens that are shown to exist, though defendants failed to assert their claims. The defendants, however, are not allowed to withdraw or receive any of the proceeds of the sale until they have shown their right thereto by answer and cross petition. In case, however, the debts be owned by different persons, and be not all due, the court shall not order a sale of the property until they all mature. Furthermore, if all the liens be owned by the same party, the court may order a sale of enough of the property to pay the debts then due, unless it appear that it is not susceptible of advantageous division, or that, for some other reason, the sale would cause a sacrifice of the property, or seriously prejudice the interests of the defendants. In construing these sections this court has held that in an action to enforce a lien, if some of the notes are due, and it appears from the petition that the property is not susceptible of advantageous division, no part of it should be sold until all the notes fall due, although they are held by the same person. Leopold v. Furber, 84 Ky., 214; Faught v. Henry, 13 Bush, 471; Gentry v. Walker, 93 Ky., 405; Melton v. Brown, 20 Ky. L. Rep., 882; Gunn v. Orndorf, 23 Ky. L. Rep., 2369. The same rule applies to a mortgage lien where it is sought to sell land that is invidisible to pay the junior mortgage when the senior mortgage is not yet due. Hendricks v. Mitchel Co., 16 Ky. L. Rep., 769. And even an allegation that a sale at once of the entire tract was necessary to prevent loss to the creditor does not authorize a sale to pay notes not due. Burton v. McKinney, 6 Bush, 428. And in Eminson v. Risque, 9 Bush, 24, where the plaintiff held two notes, one of which was not due, it was held erroneous to order a sale of the land to pay the note due, subject to a lien for the note not due.

The foregoing provisions of the code were enacted not merely for the benefit of all the lienholders, but were

intended as a protection to the debtor, to prevent a multiplicity of suits and the sacrifice of his property. Where the property is indivisible, it should be sold as a whole, as this method is best calculated to insure fairness in the sale, and invite competition in the bidding. If this were not the rule, and there were a number of mortgages on the property, each of the lienholders could sell subject to all the others, and thus make necessary several sales of the same property, which would inevitably result in great sacrifice. In the present case, if the James P. Lewis mortgage was not due, it was error to sell the property at all; if due, it was error to sell the property subject to that mortgage. It should have been sold as a whole.

Appellee has made a motion to file here the record of the Letcher Circuit Court in the case of James P. Lewis v. S. E. Baker and others. The record of another suit that is not made a part of the record of the appealed case in the court below, cannot be made a part of the record here. Appellee's motion to file same is, therefore, overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.