## Mottley v. Roemer, et al.

(Decided November 9, 1915.)

### Appeal from Warren Circuit Court.

Judicial Sales—Sale to Enforce Lien Notes.—It is error to adjudge a sale of land to satisfy lien notes when they are not all due and no precipitation of the indebtedness has been declared.

BRADBURN & BASHAM for appellant.

WRIGHT & McELROY for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

This appeal involves the same matters as the case of Roemer v. Mottley, 164 Ky., 131; 175 S. W., 645.

J. F. Mottley bought of R. B. Chaney and others, on December 5, 1911, a tract of land in Warren County, containing 126 acres, for which he paid $1,500 in cash and executed seven promissory lien notes, each in the sum of $223.45, and due on the first days of January of the years 1913 to 1919, both included. These notes were sold and transferred by the vendors of the land to James

T. Blewett; and Blewett sold and transferred the second note to Warren Lodge No. 225, I. O. O. F., of Rockfield.

In August, 1913, appellee, Roemer sued Mottley in the Warren Quarterly Court and obtained a judgment against him in the sum of $195.45, execution upon which he caused to issue from the office of the clerk of the Warren Circuit Court, and to be levied upon the 126 acres of land mentioned. At the execution sale, Roemer became the purchaser, for the sum of $243.02, the amount of the debt, interest and costs. The land being already encumbered with the purchase money lien notes, Roemer by his purchase at execution sale obtained only a lien thereon subordinate to the purchase money liens of Blewett and the Warren Lodge. Kentucky Statutes, section 1709, sub-section 1.

On February 3, 1914, Roemer instituted this action in the Warren Circuit Court against Mottley, to enforce the lien so obtained by him. Blewett and the Lodge were made parties defendant as other lien-holders, and called upon to assert their liens. They answered on March 3, 1914, and set up the seven notes heretofore mentioned, making their answer a cross-petition against Mottley, and praying for an enforcement of their liens. This pleading was filed March 3, 1914; and on the same day, Mottley filed his answer to Roemer's petition, asserting that the debt due him was created after the purchase of the land in question, and that he was entitled to a homestead therein as against Roemer's debt.

By reply filed on March 14, 1914, the plaintiff Roemer denied that Mottley was a *bona fide* housekeeper or entitled to a homestead exemption.

On the same day, March 14, 1914, a judgment was entered, wherein it was adjudged by the court that the land involved was indivisible without materially impairing its value, and that a sale thereof be had for the purpose of satisfying the liens of Blewett and the Lodge. No sale was ordered in satisfaction of Roemer's lien, the question of the priority of his lien over the homestead right of the defendant, Mottley, and the question of Mottley's right to a homestead in the land in question were both reserved for future adjudication.

The land was appraised at $3,000; and at the sale it was bid in by the plaintiff, Roemer, for $2,000. Mottley thereupon filed exceptions to the report of sale. The chancellor sustained the exceptions, and set the sale

aside. On appeal from the judgment setting the sale aside, the action of the chancellor was approved by this court on the ground that it was error to order a sale of the land until the maturity of all the notes. Roemer v. Mottley, *supra.*

This present appeal is from the original judgment and order of sale, and is prosecuted by Mottley. It was pending when the other appeal was decided by this court; but, for some reason, a consolidation of the two appeals was not sought.

There is nothing in the record before us that shows any right to a judgment on all the notes. At the time this judgment was rendered only two of the seven notes had matured, and the other five were not yet due. See Leopold v. Furber, 84 Ky., 214; 8 R., 198; 1 S. W., 404; Gentry v. Walker, 93 Ky., 407; 14 R., 351; 20 S. W., 291; Gunn v. Orndorf, 68 S. W., 461; 23 R., 2369.

The judgment is therefore reversed.