## Campbell v. Opatich et al.

(Decided October 9, 1931.)

CRAFT & STANFILL for appellant.

G. E. SAUFLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Affirming.

In an action brought by D. R. Botkin against the apppellee Opatich to enforce a vendor's lien he held in the sum of $1,100 against certain land of Opatich, the Hazard Lumber & Supply Company, later known in this record as the Home Lumber Company, intervened to enforce a lien it held against the same land in the sum of $1,174.60, which lien, however, was inferior to Botkin's vendor's lien. A judgment was entered enforcing both liens according to their priority and ordering the land sold to satisfy the liens. The judgment specifically recited that the property could not be divided without materially impairing its value, and that the sale should be made on credits of six, twelve, and eighteen months.

It further provided that the bonds taken for the unpaid purchase price should have the force and effect of a judgment, and should execution be issued thereon, no replevy should be allowed. It also provided that a lien should exist on the property and be retained by the commissioner as a security for the purchase price. At the sale, the property having been appraised for $3,000, the appellee Opatich became the purchaser thereof at the price of $2,250. In accordance with his purchase, Opatich executed three bonds for the sum of $750 each, due in six, twelve, and eighteen months, with W. P. Morton as surety, and payable to the master commissioner of the court. The sale was duly confirmed, and the master commissioner executed a deed to Opatich for the property. Opatich thereupon executed an indemnifying mortgage to Morton to save him harmless in his suretyship on the purchase-money bonds. Later, the first and second bonds having fallen due, and not having been paid, the court on motion of Botkin ordered an execution to issue on these bonds, and, commanding the sheriff to have appraised and sold to satisfy these two sale bonds, the property sold under the original judgment. The sheriff did as he was directed, and the property, having been appraised at $1,000, was sold to the appellant for $1,150 cash, she paying the sheriff the sale price. The latter still has such proceeds in his possession. The sheriff later made appellant a deed to the property. The sheriff having made his report to the court of what he had done under the execution, the appellee Opatich and the appellee Home Lumber Company filed exceptions to the sale, asked that it be quashed, set aside, and held for naught, and that the deed executed by the sheriff be canceled. Appellant made a motion that she be given a writ of possession. The action coming on to be heard on these motions, the court, after hearing evidence, quashed the sale of the sheriff and the deed he had made, and denied the appellant the writ of possession she sought. From that order this appeal is prosecuted.

It will be unnecessary to discuss any of the exceptions interposed to the sale except the one based on the ground that the court was without authority to make a sale of the land until all of the bonds had matured, since, in our opinion, such exception is fatal to the sale. This was an action to enforce liens on real property. The execution which the court ordered issued was that part of the action by which it was sought to carry finally into

effect the judgment of the court. Section 694 of the Civil Code of Practice forbids a sale of property in an action to collect several debts secured by one lien, or by more than one lien, if of equal dignity, and to enforce such lien or liens, where the liens, if of equal dignity, are owned by different persons and be not all due, or, even if there be but one lien or if more than one, all the liens be owned by one person and the debts so secured be not all due if the land upon which the lien or liens exist be not susceptible of advantageous disposition. Gunn v. Orndorff, 67 S. W. 372, 68 S. W. 461, 23 Ky. Law Rep. 2369; Loepold v. Furber, 84 Ky. 214, 1 S. W. 404, 8 Ky. Law Rep. 198; Melton v. Brown, 47 S. W. 764, 20 Ky. Law Rep. 882; Gentry v. Walker, 93 Ky. 405, 20 S. W. 291, 14 Ky. Law Rep 351. The court in its judgment found that the land here involved could not be divided without materially impairing its value. Indeed, the report of the sale the sheriff made comes to the same conclusion. The three bonds payable to the master commissioner, upon two of which the execution herein was issued, were all secured by the same lien. But one of these bonds was not yet due when the execution issued and the sale ordered by the court. Under the plain provisions of the Code cited, the court should not have ordered the land sold until the three bonds had matured, and hence he properly quashed the sale and the deed the sheriff had made.

The judgment is affirmed.