Judge Ewing
delivered the Opinion of the Court.
Blaine and Bacon filed their bill against Klinefelter, as a non-resident, and Forsyth, a resident defendant, in which Klinefelter is charged with negligence, as the master and owner of a keel boat, in the shipment of sundry boxes, trunks and packages of goods, belonging to the complainants, from Pittsburgh to Louisville, by which they had sustained damages to the amount of a thousand dollars. And that Klinefelter had left his boat with Forsyth, as his agent, to sell; that he had sold the same for four hundred dollars, and had the money in his . 7 T7 ... 7 ° hand$i or would receive it m a short time.
The bill was taken for confessed, and a decree rendered against Klinefelter, for one thousand dollars, with an order that Forsyth pay four hundred dollars, to the complainants, in part thereof.
The decree is clearly erroneous, in not exacting bond and security from the complainants, “ for abiding such future order as may be made for restoring the money to *468 the- absent defendant upon his appearance and answering bill.” Stat. Law, 92; 5 J. J. Mar. 252, Brockman &c vs. Hanks' Adm'r; and for this error, must be" reversed.
Where the agent ot a non-resident debtor has sold has not^eceived the money, the. E^madTaíefendant to an attach-the^on-resWent and his agent; an the agent has received, or soon, much*money as is^not^uffioient to justify adecúe against him,upon /mo.
And,, as the cause must be remanded for further prooeedings, it may not be improper to suggest, that it is questionable whether the allegations of the bill are suffiU , ° . ciently specific to justify the decree against Jr orsythe. ^ *s charged, that he has roade sale of the boat, uand has received and holds, or will receive and hold, the sum of four hundred dollars, or thereabouts, fox the same.” The statute requires that the resident defendant shall have- effects in in his hands, or is otherwise indebted, to the non-resident, to justify a proceeding against him. There is no direct averment that Forsyth either had effects in his hands belonging to Klinefelter, or that he was indebted to him at the filing of the bill. It is only charged, that he has rece^ve<^ and holds, or will receive and hold, four hundred dollars, or thereabouts, belonging to him. If he had not rece¿j,ec| Jt? jt Was proper to make the debtor for the boat a party defendant.
It is therefore decreed by the Court, that the decree be reversed, and cause remanded that further proceedings be had, not inconsistent with this opinion.