Case 9—PETITIONS ORDINARY—September 24.

## Commonwealth v. Smith.
## Commonwealth v. United States Express Co.

APPEALS FROM LOUISVILLE LAW AND EQUITY COURT.

1. CONSTITUTIONAL LAW—INTERSTATE COMMERCE—TAXATION OF EXPRESS COMPANIES.—No State has the power to impose a tax upon the occupation or business of any person or company engaged in carrying on interstate commerce.

   A statute of this State requiring express companies carrying on business in the State to pay a license tax of five hundred dollars per annum where the distance over which the line of the company extends in this State is less than one hundred miles and the annual sum of one thousand dollars where the distance is more than one hundred miles, is a regulation of interstate commerce in so far as it applies to companies doing business between this State and other States, and is to that extent in violation of the Federal Constitution.

2. SAME—TAXATION OF TELEGRAPH COMPANIES.—While the State may impose a tax upon property within its borders owned by a person or company engaged in carrying on interstate commerce, yet when it is apparent that the tax imposed is a mere arbitrary sum fixed by the State, without regard to the value of the property, it will be regarded as a tax upon the business of the owner and, therefore, such a regulation of interstate commerce as is forbidden by the Federal Constitution.

   A tax by the State upon telegraph companies of one dollar per mile for the line of poles and first wire, and fifty cents per mile for each additional wire, is a tax upon the business of the companies, and, therefore, as to companies doing business between this State and other States is in violation of the Federal Constitution.

HELM & BRUCE FOR APPELLANT.

1. The question of *construction* as to whether the tax is aimed at the inter state business of these companies, and the question whether or not if

aimed only at the property and business within the State it is con-
sistent with the State Constitution, are questions solely within the
jurisdiction of this court, and with which the Supreme Court of the
United States has nothing to do. (W. U. Tel. Co. v. Seay, 10 Sup.
Ct. Rep., 162.) Therefore, in considering these questions this court
should be governed by its own views and decisions.

2. Whenever an act of the Legislature is open to two different construc-
tions, one of which would make it constitutional and the other of
which would make it unconstitutional, the courts will adopt the con-
struction which makes the act valid. (Waller v. Martin, 17 B.
M., 190; State v. Western Union Tel. Co., 73 Me., 518.)

3. A *specific* tax is a legitimate form of taxation. (Lexington v. Mc-
Quillan's Heirs, 9 Dana, 516; Livingston v. City of Paducah, 80
Ky., 656; C., N. O. & T. P. Ry. Co. v. Commonwealth, 80 Ky.,
504; Cooley on Const. Limit., star page 496.)

4. The State has the power to levy specific taxes against corporations
whose property is used not only in doing a business within the State
but also in doing a business between this State and other States.
(Lou. & Nash. R. R. Co. v. Warren County, 5 Bush, 243; Evansville,
Henderson & Nashville R. R. Co. v. Commonwealth, 9 Bush, 438;
State of Maine v. Western Union Tel. Co., 73 Me., 518; Railroad
Co. v. Penniston, 18 Wall., 5; Western Union Tel. Co. v. Massa-
chusetts, 125 U. S., 530.)

While the tax in each of the cases cited was in form *ad valorem*, it
was practically a specific tax.

It is only where the tax is made to depend, to some extent, upon the
interstate business or on the question of whether interstate business is
or is not done, or where it is imposed in such a form as to be a prohi-
bition against coming into the State at all unless the tax should be
paid, that it can be regarded as a regulation of interstate commerce.
(Telegraph Co. v. Texas, 105 U. S. 464; Woodward v. Common-
wealth, 9 Ky. Law Rep., 674; Gibbons v. Ogden, 9 Wheat., 1;
Brown v. Maryland, 12 Wheat., 419; Case of the State Freight Tax,
15 Wall., 232; State Tax on Railway Gross Receipts, 15 Wall., 284;
Philadelphia Steamship Co. v. Pennsylvania, 122 U. S., 326; Tele-
graph Co. v. Texas, 105 U. S., 460; Pickard v. Pullman Southern
Car Co., 117 U. S., 34; Le Loup v. Mobile, 127 U. S., 640; Glou-
cester Ferry Co. v. Pennsylvania, 114 U. S., 206; Moran v. New
Orleans, 112 U. S., 60; Robbins v. Taxing District, 120 U. S., 489;
Asher v. Texas, 128 U. S., 129; West. Union Tel. Co. v. Seay, 10
Sup. Ct. Rep., 161.)

While the tax on the United States Express Company is called a
" License Tax," it is not, in fact, such a tax in the sense of prohibit-
ing the company's entry into the State until the taxes should be paid,
and therein this case differs from Crutcher v. Kentucky, 141 U. S.,
47. (Youngblood v. Sexton, 32 Mich., 20 Am. Rep., 663.)

ROZEL WEISSINGER for appellee smith.

1. Telegraphy is commerce, and the Western Union Telegraph Company is an agent of interstate commerce. (Western Union Tel. Co. v. Texas, 105 U. S., 460; Pensacola Tel. Co. v. Western Union Tel. Co., 96 U. S., 1.)

2. No State has a right to demand of an agent of interstate commerce a license tax or to compel such agent to pay a specific tax, such taxes being a regulation of commerce between the States within the prohibition of the Federal Constitution. Agents of interstate commerce can be taxed only upon their property by an *ad valorem* tax, and in the same way that the property of other citizens is taxed. (Brown v. Maryland, 12 Wheaton, 436; Passenger Cases, 7 How., 122; Almy v. State of California, 24 How., 172; State Tonnage Cases, 12 Wall., 204; Cook v. Pennsylvania, 97 U. S., 566; Webber v. Virginia, 103 U. S., 344; Moran v. New Orleans, 112 U. S., 69; Gloucester Ferry Co. v. Pennsylvania, 114 U. S., 212; State Freight Tax Case. 15 Wall., 276; Pickard v. Pullman Co., 117 U. S., 34; Walling v. Michigan, 116 U. S., 446; Robbins v. Taxing District, 120 U. S., 489; Asher v. Texas, 128, 129; Steamship Co. v. Pennsylvania, 122 U. S., 326; Telegraph Co. v. Texas, 105 U. S., 460; Western Union Tel. Co. v. Massachusetts, 125 U. S., 550; Railroad Co. v. Penniston, 18 Wall., 5; Ratterman v. Western Union Tel. Co., 127 U. S. 41; Le Loup v. Port of Mobile, 127 U. S., 640; Western Union Tel. Co. v. Seay, 10 Sup. Ct. Rep., 161.)

3. The tax in this case is in no sense a property tax, but a tax on the business of the company, and is a regulation of interstate commerce. (Webber v. Virginia, 103 U. S., 350; State Freight Taxes, 15 Wall., 276; Pickard v. Pullman Southern Car Co., 117 U. S., 34.)

4. If the tax in question here can be considered an *ad valorem* tax it is contrary to the State Constitution. The Legislature can not count or weigh or measure. Such acts are ministerial, or, if not, at least judicial. (Slaughter v. City of Louisville, 89 Ky., 112.)

HARMON, COLSTON, GOLDSMITH & HOADLY for appellee express company.

Section 6 of article 4, chapter 92, General Statutes, which imposes a special tax upon express companies, is a regulation of commerce and is in plain contravention of section 8, article 1 of the Constitution of the United States. (Gibbons v. Ogden, 9 Wheat., 189; Passenger Cases, 7 How., 416; State Freight Tax, 15 Wall., 275; Welton v. Missouri, 91 U. S., 280; Hall v. DeCuir, 95 U. S., 485; Railroad v. Husen, 95 U. S., 469; Telegraph Co. v. Telegraph Co., 96 U. S., 1; Telegraph Co. v. Texas, 105 U. S., 464; Ferry Co. v. Pennsylvania, 114 U. S., 196; Pickard v. Pullman Southern Car Co., 117 U. S., 34; Tennessee v. Pullman Southern Car Co., 117 U. S., 34; Fargo v. Michigan, 121 U. S., 230; Steamship Co. v. Pennsylvania,

Commonwealth v. Smith, &c.

122 U. S., 326; Bowman v. Railway Co., 125 U. S., 479; Ratterman v. Telegraph Co., 127 U. S., 411; Le Loup v. Mobile, 127 U. S., 640; Brown v. Maryland, 12 Wheat., 419; Passenger Cases, 7 How., 283; State Tax on Railway Gross Receipts, 15 Wall., 284; Osborne v. Mobile, 16 Wall., 479; Welton v. Missouri, 91 U. S., 275; Moran v. New Orleans, 112 U. S., 69; Gloucester Ferry Co. v. Pennsylvania, 114 U. S., 196; Robbins v. Taxing District, 120 U. S., 489; Le Loup v. Port of Mobile, 127 U. S., 640; Asher v. Texas, 128 U. S., 129; Stontenburgh v. Hennick, 129 U. S., 141; Telegraph Co. v. Seay, 10 Sup. Ct. Rep., 161.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

These two cases involve the validity of a tax imposed upon the two appellees, both being foreign corporations and resisting its payment upon the ground that the statute imposing the burden is in violation of the Federal Constitution.

The exercise of the power is claimed to be derived from two sections of the statute, the one applying to the United States Express Company and the other to Charles Smith, an agent of the Western Union Telegraph Company. The cases were argued as one by counsel for the State, and will be disposed of in the one opinion.

The section of the statute with reference to express companies provides: "That all express companies doing business in this State shall be required to pay a license tax of five hundred dollars per annum where the distance over which the line of such companies operate or extend in this State is less than one hundred miles, and the annual sum of one thousand dollars where the distance is more than one hundred miles; and neither the company nor agent of any company which has paid the license tax required to be paid by this section, shall be required to pay any other license or tax to any county, city or municipality in this State: *Provided*, such company shall pay

*ad valorem* taxes for county and municipal purposes upon all horses, wagons, furniture, real estate and other property at the same rate of taxation as is collected upon other property in this Commonwealth." (General Statutes, chapter 92, article 4, section 6.)

The appellee, the Express Company, insists that this statute is in violation of that provision of the Federal Constitution giving to Congress the power " to regulate commerce with foreign nations and among the several States and with the Indian tribes." (Article 1, section 8, sub-section 3, Federal Constitution.)

In this action by the State to recover the license tax, a proceeding authorized by statute, the appellee has filed an answer alleging the payment of all taxes assessed against it by the State, whether State, county or municipal, and then proceeds to deny the right of the State to impose a burden upon it for the privilege of conducting a business that is in aid of, or as a carrier of, commerce between the several States; that it transmits goods, etc., over its lines for commercial and business purposes between points within the State of Kentucky and from points within the State to points in all the other States, its lines affording business relations in the way of transportation between the several States and Territories, and between the United States and foreign countries.

The only question presented is, does this statute amount to a regulation of commerce, as settled in cases of a kindred character by the Supreme Court? The case of Crutcher v. Commonwealth (141 U. S., 147) recently decided, on an appeal from this court, where a license fee of five dollars was required to be paid by every agent of an express company before engaging in such business, was

Commonwealth v. Smith, &c.

held to be an exaction in respect of commerce; and the reasons given by this court for sustaining the validity of the act upon the idea that it was passed to protect its citizens against irresponsible corporations, and not to interfere with interstate commerce, was held not to be a sufficient response to the defense, because the effect of the act was to impose conditions as to the manner of conducting interstate commerce that could not be sustained. This is a stronger case for the corporation than that of Crutcher.

It is plain that this tax is imposed upon the business, or upon the privilege of transacting business within the State, and if such a right, when given, can be taxed as contended by counsel for the State it would be conceding to the State Government the right to prohibit any express company in another State from doing business here by reason of the heavy burdens placed upon it by State legislation. If the regulation of commerce belongs alone to the National Government, and of this there is no question, then it is apparent the State has no power to impose such burdens. Nor is it material that the burden imposed may not likely affect interstate business or commerce. It may not amount to a prohibition, still if the attempt or the effect of the legislation is to regulate interstate traffic the statute is invalid. Such is the decision of the Supreme Court in several cases. (Lyng v. Michigan, 135 U. S., 161; Crutcher v. Commonwealth, 141 U. S., 47.) "All express companies doing business in the State shall pay a license tax," and this being exacted for the right to do business, the act must be held to be invalid.

In the case of the Commonwealth against Charles Smith the appellee questions the validity of the revenue

law taxing telegraph companies, Smith being an agent of
the Western Union Telegraph Company, and as such
liable for the tax imposed and for the penalty for non-
payment.   The provision of the revenue law is as follows :

" It shall be the duty of the president, treasurer, sec-
retary, or manager of any telegraph company or associa-
tion working, operating, or controlling any telegraph line
in this State, to report, under oath, to the Auditor of Pub-
lic Accounts, on or before the 1st of July in every year, a
full and complete statement of each line, and the whole
number of miles of wire worked, or under their control
and management in this State ; and shall pay into the
treasury, on or before the 10th of July, in each year, a
tax equal to one dollar per mile for the line of poles and
first wire, and fifty cents per mile for each additional
wire." (General Statutes, chapter 92, article 4, section 4.)

This corporation has tangible property within the State,
and this property, as is conceded, is subject to taxation
under its laws, nor is it denied that it does an extensive
business within the State as well as out of it, and it is
admitted, as has been already determined in more than
one case, that this company is an agent of interstate com-
merce. (Telegraph Co. v. Texas, 105 U. S., 460 ; Pensacola
Telegraph Co. v. Western Union Telegraph Co., 96
U. S., 1.)   The lines of this company cross the boundary of
the State at Louisville, and all the principal cities bor-
dering on the Ohio river.   The penalty for failing to pay
this tax, and to which the agent is subjected, is a fine of
five hundred dollars.

It is contended by the defense that the tax imposed is
a mere arbitrary sum fixed by the State without regard to
the value of the property owned by the company, or

Commonwealth v. Smith, &c.

even the income derived from it, and, in addition, that specific taxation is not a tax on property, but must necessarily be a tax on the occupation or business of the person sought to be taxed; while, on the other hand, it is claimed that the Legislature must judge whether the tax shall be *ad valorem* or specific, and when uniform, it must be held valid.

In this State the power of the Legislature to determine the mode of taxation, and to classify the property to be taxed, is not an open question.   It may be termed a specific tax as to corporate property, and an *ad valorem* tax as to property that is ordinarily the subject of taxation.   A railroad company may be taxed at a certain valuation for each mile, and if termed a specific tax, it is a taxation based on value, or the franchise itself granted by the State may be the subject of taxation without reference to the tangible property it owns.   (Cincinnati, &c., R. Co. v. Commonwealth, 81 Ky., 492.)  The right of a State to tax the property of its citizens, when uniformity and equality exist in imposing the burden, can not well be doubted, and if this were the question presented in this case, we would have no difficulty in sustaining the tax. If this is a tax on the property of the corporation within the State, the statute imposing the burden must be enforced, but if a tax on the business of the corporation, and that corporation an agent of interstate commerce, it is then an exercise of power belonging to the National Government and must be held invalid.  As said by Mr. Justice Strong, in Railroad Co. v. Peniston, 18 Wall., 5: " It is, therefore, manifest that exemption of Federal agencies from State taxation is dependent not upon the nature of the agent or upon the mode of their constitution, or upon

the fact that they are agents, but upon the effect of the tax, that is, upon the question whether the tax does in truth deprive them of power to serve the Government as they were intended to serve it, or does it hinder the efficient exercise of their power. A tax upon their property has no such necessary.effect. It leaves them free to discharge the duties they have undertaken to perform. A tax upon their operations is a direct obstruction to the exercise of Federal power."

In this case the amount of the taxes alleged to be due the State for the year ending in July, 1888, is $4,024.45, with a fine of $500 for the failure of the corporation or its agent to pay it. It may be difficult to estimate the value of the telegraph poles and the strands of wire necessary to the conduct of the business, but it becomes apparent from the act itself, connected with the burden imposed on the corporation, that it is its occupation and business that have been taxed, without regard to the value of the property it actually owns within the State, and, with the heavy penalty imposed, it may directly interfere with the regulation of interstate commerce and can not be sustained. Mr. Justice Field, in Gloucester Ferry Co. v. Pennsylvania, 114 U. S., 196, says: "While it is conceded that the property in a State, belonging to a foreign corporation engaged in foreign or interstate commerce, may be taxed equally with like property of a domestic corporation engaged in that business, we are clear that a tax or other burden imposed on the property of either corporation because it is used to carry on that commerce, or upon the transportation of persons or property, or for the navigation of public waters over which the transportation is made, is invalid and void as an

interference with and an obstruction of the power of carriers in the regulation of such commerce." And in the case of Le Loup v. Mobile, reported in 127 U. S., 640, the court, through Mr. Justice Bradley, says: " The fairest and most just construction of the Constitution leads to the conclusion that no State has a right to lay a tax on interstate commerce in any form, whether by way of duties laid on the transportation of the subjects of commerce, or on the receipts derived from that transportation, or on the occupation or business of carrying it on, and the reason is that such taxation is a burden on that commerce, and amounts to a regulation of it that belongs solely to Congress." There is no limitation to the power within the State to tax, except such as virtually amounts to a confiscation of one's property; but there is not only a limitation, but a prohibition, on the power of the State to impose a tax on the business of corporations or other agencies of interstate commerce that, in effect, regulates interstate traffic.

In both of the cases under consideration, mere arbitrary sums are fixed without reference to value, and evidently, as is to some extent conceded, on the business of each, and whether under the guise of a specific or an *ad valorem* tax, it is manifest that the object and effect of each section of the statute is to impose burdens on the transportation or business of both corporations, and not upon the property within the State. The amount of the tax, and the penalties annexed for enforcing payment, is, in effect, a prohibition of the exercise of the legitimate business of each of the appellees without first complying with the conditions of the statute. In view of the authorities cited, and the mode of enforcing this specific tax, it must

be held that the two sections of the statute are in violation of sub-section 3 of section 8, article 1, of the Federal Constitution.

Judgment affirmed in both cases.