## Maddox v. Bynum, et al.

(Decided October 30, 1914.)

### Appeal from Fulton Circuit Court.

Mortgages—Foreclosure—Sale Subject to Other Incumbrances, —A junior lien-holder cannot before the maturity of the senior lien debt, have a sale of indivisible real estate, subject to the superior lien. A sale in such a case is forbidden by Civil Code 692, 694.

HESTER & HESTER and W. J. McMURRY for appellant.

BROWN & NUCKOLS and F. S. MOORE for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On June 14, 1911, W. J. Hannon borrowed from the Union Central Life Insurance Company eight hundred dollars, evidenced by his note due ten years after date bearing six per cent interest, payable annually, and to secure the payment thereof he executed and delivered to the insurance company a mortgage on 52¼ acres of land in Fulton County.

On December 7, 1912, he sold and conveyed the land mentioned, to E. G. Maddox, in consideration of seven hundred and fifty dollars cash in hand paid, and of the grantee's assumption of the mortgage to the insurance company, and of three notes, dated December 7, 1912, and bearing 6% interest therefrom, one note for one thousand dollars due January 1, 1913, and two notes for one thousand two hundred and twenty-five dollars each, due January 1, 1914, and January 1, 1915, respectively. These three notes were secured by vendor's lien retained in the deed of conveyance, which also contained a stipulation that default in the payment of any of the notes should render them all due and payable immediately.

Maddox paid on these notes two hundred dollars on

February 15, 1913, and two hundred dollars on May 13, 1913. Hannon sold and transferred the notes to J. M. Bynum, and the latter brought this suit in equity in the Fulton Circuit Court seeking judgment for the amount of the notes less the credits, and an order of sale of the land to enforce the purchase money lien reserved in the deed mentioned. The Union Central Life Insurance Company, as a prior lien-holder, was made a party defendant.

Upon submission, the court rendered judgment against Maddox for the amount of the notes and accrued interest thereon, subject to the credits, and ordered a sale of the land (which was adjudged to be indivisible) in satisfaction of the judgment subject to the insurance company's prior lien.

From that judgment Maddox appeals, contending that a junior lien-holder can not before the maturity of the senior lien debt, have a sale of the land (if indivisible), subject to the prior lien.

The judgment appealed from was rendered January 30, 1914. On April 22, 1914, this court decided the case of Gibbs v. Ballard County Bank's Assignee, 158 Ky., 500, which is in all respects identical with the present case. In that case G. D. Holt borrowed $800 of the Union Central Life Insurance Company on ten years time, giving a mortgage on land as security. He sold the land to Penn, the latter assuming the payment of the mortgage, and executing to Holt as part of the consideration three notes which were secured by vendor's lien. Holt assigned two of the notes to R. Holt and the other to Payne. Penn sold the land to G. W. Gibbs, Gibbs assuming the payment of the mortgage debt to the insurance company, and of the notes held by Holt and Payne, and giving in addition his own note for $225, secured by vendor's lien. Penn assigned this note to the Ballard County Bank. After all these notes matured, their holders brought suit against Gibbs thereon, asking a personal judgment and a sale of the land to enforce the vendor's lien by which they were secured; and this court held that as the debt and mortgage lien of the Union Central Life Insurance Company had not matured, and the land was indivisible, there could be no sale thereof until the mortgage debt of the insurance company matures. The court saying:

"As it is here admitted by the pleadings that the land can not be divided so that enough of it may be sold to pay the matured lien debts, there can be no sale of it

until the mortgage debt of the Union Central Life Insurance Company matures. If the lien debts are not sooner paid, its sale can then be adjudged to pay all of them according to priority. If, as contended by appellees, the delay will endanger the collection of their debts in full, they can not complain, for their debts were created and liens acquired with knowledge on their part of the existence of the prior mortgage lien of the Union Central Life Insurance Company and when it would mature, and of the further fact that the indivisibility of the land would prevent its sale in satisfaction of their lien debts until that of the insurance company becomes due.''

This case is controlled by the Gibbs case; and the judgment must be reversed for proceedings consistent with this opinion.

Reversed.