## Fisher v. Evans, et al.

(Decided April 27, 1917.)

## Appeal from Hickman Circuit Court.

1.  Mortgages—Other Incumbrances—Sale to Satisfy Lien.—Where a prior mortgage lien and a junior mortgage lien exist upon the same tract of land, and are owned by different persons, and the junior lien has matured, a sale of the land or a sufficiency of it,

subject to the prior lien, may be adjudged to satisfy the junior lien, although the prior lien has not matured.

2. Mortgages—Sale to Satisfy Lien.—Where debts are secured by one lien, or by liens of equal rank, and the debts are all due, a sale of all or a sufficiency of the land, encumbered by the liens, may be made to satisfy all of the liens or for a pro rata distribution of the proceeds of the sale among the lien debts.

3. Mortgages—Sale to Satisfy Lien.—Where debts are secured by one lien or by liens of equal rank, and are owned by different persons, and some are due and others not due, a sale cannot be made of the encumbered lands until all the debts have become due.

4. Mortgages—Sale to Satisfy Lien.—If all the debts secured by liens upon real property are owned by the same person, and some are due and others not due, a sale may be adjudged of a sufficiency of the land to satisfy the debts then due, unless the land is not susceptible of an advantageous division; or the sale would cause a sacrifice of the land or seriously prejudice the interests of the defendants.

5. Mortgages—Sale to Satisfy Lien.—If a prior and junior lien encumber real property and both liens have matured, a sale of the land or a sufficiency of it to satisfy both liens may be adjudged.

6. Mortgages—Sale to Satisfy Lien.—If the liens upon a parcel of real estate are not of equal rank, and are owned by different persons, and one of them has matured and the other has not matured, a sale of the estate embraced by the matured lien may be made in satisfaction of it, if it can be done without prejudice to the other lien.

7. Liens—Parties.—It is the duty of a lien holder seeking to enforce his lien for a debt to make all the lien holders parties to the suit, and to bring them before the court.

8. Liens—Parties.—The failure to make a lien holder a party to a suit to enforce another lien, and to bring him before the court, is a reversible error and the question may be raised by exceptions to the report of sale.

9. Judicial Sales—Inadequacy of Price.—Inadequacy of price, alone, is not ordinarily sufficient to justify the setting aside of a sale, but when the inadequacy of price is caused by representations of interested parties at the sale, which chill and confuse the bidders, and depress the bidding, because of the prospective bidders, not knowing either the estate, which they receive, nor the amount of the costs of it, the sale should be set aside.

J. M. BRUMMAL for appellant.

J. D. VIA, E. T. BULLOCK and L. L. HINDMAN for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action was instituted in the Hickman circuit court by the appellees, J. B. Evans and J. O. Evans, against the appellant, J. H. Fisher. By the original petition, in equity, the appellees claimed that appellant was indebted to them in a considerable sum, by reason of which, he had obligated himself in writing to convey to them a certain tract of land, owned by appellant, and the relief sought was a specific performance of the contract by requiring a conveyance of the land to them, as they alleged that appellant had agreed to do. The appellant offered a defense to the original relief sought in the petition, but the appellees abandoned the claim and prayer of the original petition and by an amended petition alleged that the writing sued on constituted a mortgage, in their favor, to secure the money, which appellant owed them, and that, by reason of the mortgage, they had a lien upon the tract of land. After the abandonment by appellees of the relief sought in the original petition, the appellant did not offer any further defense to the action and did not deny the amount of the indebtedness claimed nor the fact that the appellees had a mortgage lien upon the land to secure its payment. There was no averment in the petition or amended petition as to whether or not the land was susceptible of advantageous division. A personal judgment was recovered by appellees against appellant for the sum of $4,565.13 and interest to accrue thereon and cost, and it was further adjudged that the appellees had a mortgage lien upon the land to secure the payment of the debt, interest and cost and that the land should be sold in satisfaction of same. The commissioner of the court, in compliance with the judgment, advertised the land for sale. It was appraised at the sum of $7,000.00. At the sale, the appellees became the purchasers of the entire tract of land at the sum of $4,700.00. When the sale was reported, the appellant filed exceptions to the sale.

The exceptions rested upon two grounds, one, of which, was that the Union Central Life Insurance Company held a prior mortgage lien upon the land to secure the payment of the principal sum of $1,500.00, with accruing interest, and that it had not been made a party to the suit by appellees and that while its lien was prior and superior to the lien sought to be enforced by the judgment and for which the land had been sold, that the debt, to secure which the insurance company's lien

existed, had not yet matured, and that the existence of this lien was well known to the appellees at the time of the bringing of their suit and the recovery of their judgment. The other ground of exception was the inadequacy of the price for which the land was sold, and it was alleged that when the commissioner was preparing to offer the land for sale, that the attorney for appellee, in their presence, made an announcement to the persons there assembled that the Union Central Life Insurance Company held a debt secured by a lien upon the land for the sum of $1,500.00, and that the land would be sold subject to that lien, when the commissioner responded that he had no official knowledge of the existence of a lien in favor of the insurance company, and would sell the land in accordance with the judgment in this action, and that the effect of these declarations was to deter prospective bidders and enabled the appellees to purchase the land at the sum of $4,700.00, when its actual value was $9,500.00. The exceptions were supported by the affidavit of appellant, the statements in which were not contradicted. The appellees then filed a writing subscribed by them, in which they substantially admitted that the lien of the insurance company was superior to their lien, for which the land had been sold and promised to pay the debt owing to the insurance company when it shall have become due. The court thereupon entered a judgment overruling the exceptions and confirming the sale and approved the deed to the appellees and awarded them a writ of possession for the land. The appellant saved an exception to this judgment and prayed an appeal to this court, which was granted.

The court did not adjudge specifically as to whether or not the land was susceptible of advantageous division, and neither did it adjudge that a sufficiency of the land be sold to satisfy the judgment, but adjudged that the entire tract be sold in satisfaction of the debt sued for, and it seems to have been so sold and probably so offered, as there is nothing in the report of sale to indicate that the commissioner ever offered it for sale otherwise than as a whole.

That the parties to the action all well knew of the existence of the lien in favor of the Union Central Life Insurance Company at the time of the institution of the suit and the recovery of the judgment, there can be no

doubt, as the uncontradicted statement of the affidavit of appellant so asserts and other things in the record confirm the truth of that declaration.

(1) The exceptions raised the legal question as to whether or not a sale of the land to enforce a junior mortgage lien can be lawfully made when a prior mortgage lien, which has not yet matured, exists upon the same tract of land and is owned by a person other than the owner of the junior mortgage lien. The provisions of sections 692 and 694, of the Civil Code, are appealed to as authorizing such a sale, while the same sections of the code are appealed to as denying such relief for an inferior lienholder, and certain decisions of this court, which have been rendered in constructions of such sections, but not, however, upon the same state of facts as are involved in this action. Section 692, *supra,* provides:

"The plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others, making them defendants; and may ask for and obtain a judgment for a sale of the property to satisfy all of said liens, which are shown to exist, though the defendants fail to assert their claims. Such defendants shall not, however, be allowed to withdraw any of the proceeds of such sale until they have shown their right thereto by answer and cross-petition. But unless a personal judgment be prayed for in such cross-petition, there need not be any summons thereon; and it shall be treated with reference to the time of answering thereto as a set-off or counter-claim."

This section by itself apparently authorizes the sale of a tract of land to satisfy all the liens upon it, if the plaintiff makes the other lienholders party defendants to the action and states their liens in his petition, but this section must necessarily be construed along with the provisions and requirements of section 694, Civil Code, and a disposition of such states of case made, as are not embraced by or governed by the provisions of either of the sections, *supra.* Subsection 1, of section 694, imposes upon the trial court before ordering the sale of real property for debt the duty of determining from the pleadings, by an agreement of the parties, from affidavits filed or from a report of commissioners, whether or not the property can be divided without materially impairing its value, and may cause it to be

divided with suitable avenues, streets, lanes or alleys; or without any of them.

Subsection 2 provides, that if it is necessary to sell a parcel of real property for debt, and the parcel can not be divided without materially impairing its value, the whole of it may be sold, and if it brings more than the sum to be raised, the court shall make proper orders for the distribution of the proceeds.

Subsection 3 makes substantially the following provisions:

(1) The plaintiff in an action to enforce a lien on real property shall state in his petition the liens, if any, which are held thereon by others and make the holders defendants.

(2) No sale of the property shall be adjudged, which is prejudicial to the rights of the holders of any of the liens.

(3) When it appears that several debts are secured by one lien or by liens of equal rank, and they are all due at the commencement of the action or become so before judgment, the court shall order the sale for the *pro rata* satisfaction of them all.

(4) If the liens are secured by the same lien or the liens are of equal rank and the debts secured by them are owned by different persons and are not all due, a sale of the land shall not be ordered until they all become due.

(5) If the liens described above (in 3 and 4) be all held by the same person, a sale may be ordered of enough of the property to pay the debts then due, unless it appears that the land is not susceptible of an advantageous division; or that for some other reason the sale would cause a sacrifice thereof or seriously prejudice the interests of the defendants.

It seems that the provisions of subsection 1, of section 694, *supra,* apply to all sales of real property for debt, which may be ordered by a court of equity. Likewise, the provisions of section 692 and subsection 2, of section 694, apply to all sales ordered by a court of real property for debt, except as modified and governed by the requirements of subsection 3, of section 694. The provisions of subsection 3, of section 694, which require the plaintiff seeking to enforce a lien for debt upon real estate to make all other lienholders defendants to the suit, and that, which forbids any sale of the prop-

erty, which is prejudicial to the rights of the holders of any of the liens, also, seems to apply to every sale of real property for debt, which may be adjudged by a court.

In the instant case, the debt of the Union Central Life Insurance Company, which is a prior lien upon the land sold, is not due and will not be due until 1923, unless there should be a default in the payment of one of the coupon notes for interest and the insurance company should then elect to treat the note for the principal sum to be due. The debt sued upon and for which the lands were adjudged to be sold was due at the institution of the suit. The two debts are owned by different persons. They are not secured by the same lien, nor are the liens of equal rank, and hence, the provision of subsection 3, of section 694, which prohibits a sale of encumbered land when the debts are secured by liens of equal rank and are owned by different persons and are not all due, until all the debts become due, does not apply and does not prescribe the rights of the parties. Neither can the provision of subsection 3, of section 694, *supra,* which provides that, "If all such liens be held by the same party, that the court may order a sale of enough of the property to pay the debts then due, unless it appear that it is not susceptible of an advantageous division; or that for some other reason the sale would cause a sacrifice thereof or seriously prejudice the interests of the defendants," be made applicable to the case in hand, because the debts are not owned by the same person nor secured by the same lien nor are the liens of equal rank. The cases cited and relied upon, as well as others holding a similar doctrine, as forbidding a sale, in the instant case, as Gray v. Grimm, 157 Ky. 603; Leopold v. Furber, 84 Ky. 214; Gentry v. Walker, 93 Ky. 405; Gunn v. Orendorff, 23 R. 2369; Burton v. McKinney, 6 Bush 428; Emerson v. Risk, 9 Bush 24; Melton v. Brown, &c., 20 R. 882; Faught v. Henry, 13 Bush 471; and Roemer v. Motley, 164 Ky. 313, do not have application. Those cases involve the construction of the last provision of subsection 3, section 694, *supra,* and are entirely in accordance with it. Each of these cases was a suit upon notes executed for the purchase money of lands, and to enforce the vendor's lien upon the lands to secure the payment of the notes, some of which were due at the institution of the action or became so before judgment, and

others were not due. The debts were secured by the same lien and in each of these cases were owned by the same person. If the notes, in either of the cases mentioned, had been owned by different persons, then the express provision of section 694, subsection 3, would have forbidden a sale of the land until all of the notes executed have become due. Although, in each of those cases, the notes were owned by the same person, this court held in accordance with the code provision, that a sale of enough of the land to satisfy the notes which were due could not be made when there were others not due, unless it was made to appear that the lands were susceptible of an advantageous division.

It will be observed, that the only provisions of section 694, *supra,* which are applicable to the instant case, are subsections 1 and 2, and those provisions of subsection 3, which require one seeking to enforce a lien on real estate, for debt, to make all other lienholders defendants, and to state the liens in his petition, and which forbid the sale of encumbered real estate when a sale would be prejudicial to the rights of holders of any of the liens, but section 692 must be construed with subsections 1, 2 and 3, of section 694. There is nothing in sections 692 or 694, which specifically forbids a judgment for a sale of a tract of land at the suit of a junior mortgagee and in satisfaction of the lien of the junior mortgagee, or in satisfaction of both liens, though there exists upon the land a senior mortgage and the debt which it secures has not yet become due, except the provision of section 694, which forbids a sale prejudicial to either of the liens. In McKibben v. Worthington, 103 Ky. 356, it was apparently broadly held, that the existence of other liens upon a tract of land, which was not susceptible of an advantageous division, was not an obstacle to a judgment for a sale of the land at the suit of one lienholder for the enforcement of his lien, where he had stated in his petition the liens held by others and made them defendants. In that case, however, the debts, although held by different persons, were secured by the same lien. The liens were of equal rank and the debts were all due and the judgment was for the sale in satisfaction of all the liens. Hence, the judgment was in entire harmony with subsections 2 and 3, of section 694. However, the fact that the land was not susceptible of an advantageous division was not a controlling factor,

which justified the sale, for although the debts were secured by the same lien, but if owned by different persons, a sale would not have been adjudged, if any of the debts had not been due, although the land was divisible. The indivisibility of the land was the justification for ordering it to be sold as a whole, instead of a sufficiency of it to satisfy the debts, as it would have been adjudged, if it had been susceptible of an advantageous division. In Griffith, etc. v. Blue Grass Building and Loan Association, etc., 108 Ky. 713, the liens were not of equal rank and the debts were all due, and the land was susceptible of an advantageous division, and at the suit of the prior lienholder a sufficiency of the land was adjudged to be sold to pay both liens, and that judgment was upheld by this court. Hence, under the provisions of section 692, *supra*, alone, unmodified by any of the provisions of section 694, subsection 3, the question as to whether real property sought to be sold for the satisfaction of liens thereon is or is not susceptible of an advantageous division is not a controlling factor. The provision of subsection 3, section 694, which must be considered when it is sought to sell land in satisfaction of a junior mortgage lien, which has matured, when a senior mortgage lien owned by a different person, which has not matured, exists upon the land, is that provision which forbids any sale of land, which is prejudicial to the rights of the holders of any of the liens. The rights of the senior mortgagee being superior to those of any subsequent lienholder, he could not be justly required to enforce his lien or to receive payment of his debt previous to its maturity, nor could any sale of the encumbered property be justified, which would in any way interfere with or prejudice his lien. Such a sale is forbidden by subsection 3, of section 694, *supra*. The junior mortgagee must of necessity actually or constructively, have knowledge of the existence of the senior mortgage lien, and the rights of the senior mortgagee thereunder, at the time the junior mortgage lien is created. The junior mortgagee only acquires such rights in the property as do not affect the rights acquired by the senior mortgagee, under his mortgage. The prior lien not having matured, a sale outright of any portion of the land would prejudice the rights of the prior lienholder, as his lien embraces and covers every portion of the land. Although the land might be divis-

ible, a sale of no part of it could be had free from encumbrance without prejudice to the prior lienholder, whose debt is not due, because it would be impossible to foretell how much of the encumbered lands would be necessary to satisfy the prior lien at its maturity. Another insuperable obstacle to a sale free of encumbrance of any portion of the land, although it is divisible, is that the failure of the debtor to pay either one of the coupon notes would precipitate the maturity of the entire debt, if the prior lienholder sought to so elect, and thus it would be impossible to determine beforehand when the debt would become due or to what sum it would amount, at that time. Neither can the prior lienholder be required to proceed to the enforcement of his lien nor could he do so without the consent of the debtor until its maturity. Hence, a sale of the entire tract of land or any part of it, free from encumbrance, could not be had, as such a sale is clearly forbidden by section 692, and subsection 3, of section 694, *supra,* as it would prejudice the lien of the prior mortgagee. Hence, the contention of the appellant, in the instant case, that the lands could not be sold free of encumbrance until the maturity of the prior lien, is correct, but the code provisions cited do not forbid a sale in satisfaction of a lien of that estate in the land covered by the lien when other liens exist upon the property, unless the sale would prejudice the rights of one or more of the lien holders. Courts of equity have jurisdiction to enforce all liens, except where the legislature by prescribing the method for the enforcement of a lien has excluded the remedy in chancery. Griel Bros. v. Montgomery, Ann. Cas. 1915 D 738. A sale of such interest as a junior mortgagee may have in the whole land, or in a sufficiency of it, to satisfy his lien, subject to the lien of the prior mortgagee, would not in any event prejudice either of the liens. With regard to the effect of a suit by a junior mortgagee to foreclose his mortgage, it is said in 27 Cyc. 1660:

"Where the foreclosure suit is by a junior mortgagee, the priority and rights of the senior mortgagee may properly be adjudicated, and the sale ordered to be made subject to his lien, although he can not be prejudiced or his rights in any way injured by the second mortgagee's proceedings."

In 27 Cyc. 1545, the text is:

"Although a junior mortgage encumbers only the equity of redemption remaining in the mortgagor, subject to the senior mortgage, yet a foreclosure may be had against this estate at the suit of the holder of the second mortgage. And such holder is under no obligation to pay off the elder lien before bringing his own suit."

The rights of the senior mortgagee are not affected by a sale of the mortgaged interest under a second mortgage, and the sale must be made, according to the common law, subject to the lien of the senior mortgagee, who retains the right to enforce his lien as before. Before the enactment of the statute, which requires all of the lienholders to be made parties to a suit to enforce a mortgage lien, it was generally held that the senior mortgagee was not even a necessary party to a foreclosure suit by a junior mortgagee, and if the senior mortgagee was not made a party, he was not concluded in any way by anything in the suit, nor his rights interfered with or affected by it. Combs v. Stewart, 10 B. M. 463; Shively v. Jones, 6 B. M. 274. The purchaser at a sale of encumbered land to enforce a junior mortgage lien must necessarily take such title as he buys, subject to all valid mortgage liens upon the land, which were created prior to the mortgage lien under which he buys. Cornwall v. Falls City Bank, 92 Ky. 38. Upon the other hand, if property encumbered by a senior mortgage lien, which has not matured, can not be sold subject to the senior mortgage in satisfaction of a junior mortgage lien, a debtor could create a lien upon his property to secure a debt, which will not become due for many years, and could thereby render himself practically immune from the collection from him of his debts of later date, and while it might be said that a subsequent lienholder had acquired his lien with a knowledge of the prior one and the effect of it upon his lien, and for that reason should not complain of having the collection of his debt deferred to the maturity of the prior lien, an execution creditor would be in no better attitude, as the sale of the debtor's property under execution would only create an inferior lien upon it, when it was encumbered by a lien, when levied upon and sold. The result would be to save the debtor from the payment of his debts and the performance of his contracts and prevent the junior creditor from enforcing the collection of his lawful de-

mands, in accordance with his contract, and would be a prejudice to his lien. The sale of the lands, in satisfaction of a junior lien, subject to a prior lien, would not prejudice the right of the senior lienholder in any appreciable way, and the junior lienholder would be only exercising his contract rights, of which the debtor could not equitably complain. If by reason of such a sale before a maturity of the prior lien the lands when sold subject to the prior lien, would not satisfy the junior lien, the junior lienholder can not complain, because the enforcement of his lien is at his option, and he accepted his lien with knowledge of the situation. It would not prejudice the rights of the debtor, because he, too, contracted with full knowledge of the consequences and promised payment of the junior debt at an earlier period than the maturity of the prior lien. Neither the debtor nor the junior lienholder is in the attitude of the prior lienholder, because he contracted when the lands were free from encumbrance or entanglement with the rights of any other creditor, and when he could not expect that he would not be permitted to have the full benefit of his contract. Hence, the conclusion is reached, that where lands are encumbered by debts secured by different liens and not of equal rank, and owned by different persons and where the debt secured by the junior mortgage is due, and the one secured by the senior mortgage is not due, the land or a sufficiency of it to satisfy the junior mortgage lien may be adjudged to be sold, subject to the prior or senior mortgage lien, where the liens are stated by the plaintiff in his petition, and the senior mortgagee is made a defendant and brought before the court. It is true that a dictum in Hendrick v. Robert Mitchell Furniture Co., 16 R. 769, stated a contrary doctrine, where the land is not susceptible of an advantageous division, and the same has been followed and held in the cases of Salyer v. Union Bank, et al., 149 Ky. 847; Gibbs v. Ballard County Bank's Assignee, 158 Ky. 500; and Maddox v. Bynum, 160 Ky. 619, but in these cases it was held that the encumbered land could not be sold in satisfaction of the junior lien, subject to the prior lien, where the debts were owned by different persons and the prior lien had not matured, but must await the maturity of the prior lien, in instances, only, where the land was not susceptible of an advantageous division, and hence do not apply to the instant case, where the

land is not adjudged to be not susceptible of a division. It is impossible to see how the divisibility or indivisibility of the real property could in any event affect the question where the facts are, as in the instant case. If the sale was not adjudged to be made so as to divest the prior lien, it could not prejudice the prior lien, whether all or only a portion of the land was sold in satisfaction of the junior lien. If the sale under the junior lien had the effect of divesting the prior lien, the difference in the prejudice to the prior lien between a sale of all the land and only a portion of it would be only a difference in degree, as the taking of a portion of the security of the prior lienholder to satisfy the debt of the junior lienholder would prejudice the rights of the prior lienholder only to a less degree than to take the whole of his security. If the land is indivisible, in such a case, the proceedings will be governed by section 694, subsection 2, of Civil Code, except as otherwise provided by subsection 3, of section 694, *supra*. The conclusion of the last above named cases, that a sale of land to satisfy a junior lien, which had matured, when a prior lien existed upon it, which had not matured, and the debts were owned by different persons, could be made when the subject of the lien was divisible, and could not be made when it was indivisible, seems to have been arrived at by inadvertently applying the rule, which prevails, where the debts are secured by the same lien or liens of equal rank and are owned by the same person, when a sale can be made of a sufficiency of the land to satisfy the matured debts; if the land is susceptible of an advantageous division, otherwise the sale must be deferred until all the liens mature.

(b)    Before a valid order of sale of real estate for debt, however, can be made, it is necessary to bring all of the lienholders before the court, and it is made the duty of the plaintiff in the action to do so. This is expressly required by both section 692 and subsection 3, of section 694, *supra*. While section 692, *supra*, in certain instances authorizes a judgment for the sale of property where the liens are stated in the petition, whether the lienholder defendants assert their claims or not, it does not in any instance authorize an order of sale, unless all of the lienholders are made parties to the action and the failure to knowingly do so, has been held to be a reversible error, both before and since the

enactment of the statute. Leonard v. Welch; etc., 25 R. 1692; Guill's Admrs. v. Corinth Deposit Bank, 24 R. 483; Pearson v. Pearson, 166 Ky. 91; Callebs v. Ruble, 172 Ky. 113; Clark, etc. v. Prentice, etc., 3 Dana 468; Champlin v. Foster, etc., 7 B. M. 104; Maderias v. Catlett, 7 T. B. M. 475; Breeding v. Finley, 6 J. J. M. 371. In Clark, etc. v. Prentice, etc., *supra,* upon reversal of the judgment because all of the lienholders were not made parties to the action, the trial court was directed upon the return of the case, to compel the junior mortgagee to amend his bill and make the other mortgagees parties and cause them to be summoned, and further held, that it was the duty of the court, at any stage of the proceeding, when it should come to its knowledge that a lienholder was a necessary party, to require him to be brought before the court. In the instant case, before an order of sale should be made the Union Central Life Insurance Company should be made a party defendant and brought before the court and the amount of its debt ascertained and set out in the judgment and the land adjudged to be sold for the satisfaction of appellee's claim, subject to the mortgage lien of the insurance company, and such facts should appear in the notice of sale. Previous to the order of sale in this case the prior lienholder was not made a party, the amount of his lien was not determined, nor was the property adjudged to be sold subject to his lien, nor did the notice of sale contain the facts showing the amount of his debt and terms of it, nor that the sale was made subject to his lien. An appeal is not prayed from the order of sale and ordinarily no objection can be considered upon exceptions to a sale, which might or could have been interposed before the decree, but in Gentry v. Walker, 93 Ky. 405, where the appeal was not from the order of sale, but from the judgment overruling the exceptions to the sale and confirming it, and the grounds of exceptions were that the judgment ordered the sale of the land to satisfy the lien notes, one of which was not due, when the land was indivisible, and this court reversing the judgment of confirmation, because of the court overruling the exceptions, said:

"Though that judgment can not be now reversed or considered, because not appealed from in time, the judgment order confirming the sale made thereunder can be considered, and as the court clearly erred in over-

ruling the exceptions and confirming that sale, it must be reversed and cause remanded with directions to set aside the sale, and if desired to order a resale, as both notes are now due.''

In Roermer v. Motley, 164 Ky. 313, which involved a similar question, it was held that such question could be properly raised upon exception to the sale and to the same effect is Callebs v. Ruble, 172 Ky. 113. In Mills v. Brown, 2 Met. 404, a tract of land was levied upon by an attachment and ordered sold, subject to the lien of a person, who was not made a party to the suit nor brought before the court, and the amount of his debt was not ascertained. Exceptions were filed to the sale upon that ground and overruled and the sale confirmed, and upon appeal from the order confirming the sale, it was held that it was error to so adjudge a sale of real property and reversed the order of confirmation and remanded the case with direction to bring the lienholder before the court and to ascertain the amount of his debt by appropriate supplemental proceedings. This, of course, would necessitate a new order of sale in conformity with the opinion of the court.

(c) While mere inadequacy of price is ordinarily not a sufficient ground to justify the setting aside of a sale under a judicial proceeding, but where the inadequacy of price, for which the land, sold arises from representations from interested parties, at the time of the sale, as to the property or the state of its title, and which have a tendency to chill bidders and to mislead and confuse them and to discourage competition and to depress the price of property and results in its sale for less than it would have brought at a fair auction, it is sufficient to justify the setting aside of the sale. Dale v. Shirley, 5 B. M. 492. The uncontradicted affidavit of the appellant is to the effect, that the real value of the property was $9,500.00 and the highest bid was only $4,700.00. The attorney for the appellees and purchasers of the land, in their presence, and presumably with their approval, announced to the bidders that the sale would be made subject to the prior lien of the Union Central Life Insurance Company to secure a debt of $1,500.00, while the commissioner of the court declared that the sale would be made in accordance with the judgment of the court under which he was acting. The judgment of the court contained no mention of the prior

lien of the insurance company and the prospective bidders, if any, were certainly unable to tell from what took place, whether a purchaser of the land would receive it free of any encumbrances or would receive it subject to the debt of the insurance company, in addition to the purchase price of the land. This certainly would necessarily result in preventing any competition in the bidding and depress the price of the property. The time of the announcement being just as the sale was made, there was no opportunity for investigation upon the part of any prospective bidder as to what he would receive, if he should purchase the land, and hence must have resulted in so confusing the bidders, if any, that they would be naturally unwilling to bid and pay for a tract of land with the amount which they would be obliged to pay, left in such uncertainty and doubt.

The court should have sustained the exceptions and set aside the sale, and the judgment appealed from is reversed and the cause remanded for proceedings consisted with this opinion. All members of the court sitting.