## Fisher v. Maxwell Investment Company.

(Decided December 5, 1924.)

### Appeal from Hickman Circuit Court.

1. Mortgages—Petition Held to Authorize Judgment for Sale of Whole Land to Secure Payment of Junior Mortgage Subject to Senior Mortgage.—Where contract was that one mortgage lien on land was superior, petition alleging that land could be sold as a whole without sacrifice to or serious prejudice to mortgagor and sold subject to senior mortgage and to satisfy junior mortgage without prejudice to holder of senior mortgage or of mortgagor, authorized judgment directing sale of whole land for payment of notes securing junior mortgage subject to senior mortgage.

2. Mortgages—Sale to Satisfy Junior Lien Authorized, Although Prior Lien on Same Land Not Due.—Under Civil Code of Practice, sections 692, 694, there may be valid sale to satisfy junior lien which is due, although prior lien thereon is not due, if liens be held by different persons and sale be subject to prior lien.

J. M. BRUMMAL for appellant.

J. H. SHELTON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

On the first of November, 1919, appellant borrowed from appellee $6,500.00. To secure $5,000.00 of it he on that day executed a mortgage on his farm of 130 acres, and on the same day executed another and different mortgage on the same land to secure the payment of the $1,500.00 which was represented by three notes of $500.00 each, payable in one, two and three years. The $5,000.00 note first referred to was payable in ten years.

By a provision in the face of the mortgage securing the three $500.00 notes it was expressly stipulated that it is "junior and subject only to a mortgage of even date herewith for five thousand dollars." The larger note bore interest at the rate of 5½%, while the three smaller notes bore interest at six per cent, and the interest on each of them was payable annually.

There was in each of the mortgages a precipitation clause giving to the mortgagee or the holder the option to declare the whole debt due and payable upon the failure to promptly meet any interest installment or coupon.

At the end of one year the first $500.00 note fell due, and at the same time the interest installment on the two $500.00 notes and the $5,000.00 note also became due. Neither the principal of the $500.00 note nor the interest on any of the other notes was paid, and thereafter appellee instituted this equitable action wherein it elected to declare the whole of both debts due and sought an enforcement of each of them by a sale of the property. It was alleged that the plaintiff was the owner and holder of both of said mortgages, and the notes mentioned therein and secured thereby, and that by reason of the $5,000.00 note and mortgage it held a first and superior lien on the lands in question to secure same and the payment of the interest coupons, and that under the terms of the mortgage securing the three $500.00 notes it held a second or junior lien upon the same lands to secure their payment and the interest coupons attached thereto. It was further alleged that there were no other liens or mortgages against the land, "and that (it) can be sold as a whole to first satisfy the senior mortgage debt and then the junior one, or said lands can be sold subject to the first or senior mortgage to satisfy the junior mortgage without prejudice to the rights of plaintiff, nor would the sale thereof cause a sacrifice or seriously prejudice the interests of the defendants."

The prayer was for a judgment against defendants on each of the notes in question with interest, "and for judgment enforcing its liens and directing a sale of said land or a sufficiency thereof to pay all of said indebtedness, interest and costs herein."

The defendant having failed to answer or make defense, a judgment was entered declaring all the notes secured in both mortgages to be due and collectible, and giving a personal judgment for the three $500.00 notes. It likewise adjudged an enforcement of the lien to secure the three $500.00 notes and interest, but adjudged that the lien was subsequent to and inferior to the lien held by plaintiff by reason of the $5,000.00 note and the interest thereon mentioned in the other mortgage. It then adjudged a sale of the land as a whole for the purpose of paying the junior mortgage interest and cost, subject to the payment of the debt represented in the prior mortgage, and then recited that as to the first mortgage and notes the cause was continued for further orders.

Thereafter two sales were had under this judgment for the $1,500.00 debt and interest subject to the prior debt, but each of them was, upon exceptions by defendant, set aside. Then the court entered a supplemental judgment wherein it gave to the plaintiff, Maxwell Investment Company, a personal judgment against defendant on the $5,000.00 note, and also adjudged a first lien on the land to secure its payment. At a subsequent term, upon defendant's motion in which the plaintiff joined, the supplemental judgment was set aside and on the same day the plaintiff filed an amended petition wherein it alleged that it was mistaken in its allegation in the original petition that it was the owner of the $5,000.00 note, and alleged that it had sold and assigned the same to the Metropolitan Life Insurance Company, and made that company a defendant and called upon it to assert its rights. Accordingly the Metropolitan Life Insurance Company entered its appearance and filed its separate answer, wherein it asserted title to the $5,000.00 note under assignment from the Maxwell Investment Company, but failed to ask any enforcement of its lien, or to exercise its option to declare the same due because of the failure to pay the annual interest coupons.

Thereafter upon the motion of the Metropolitan Life Insurance Company it was permitted to withdraw its separate answer, but it remained a defendant to the action and the record still disclosed that it was the owner of the $5,000.00 note secured by the senior mortgage.

Then a third sale was had under the original judgment to enforce the junior mortgage subject to the provisions of the senior mortgage and the debt secured by it, and the court overruled the defendant's exceptions to that sale, and this appeal results.

The first contention of appellant is that the judgment directing a sale of the whole of the 130 acres for the payment of the three $500.00 notes subject to the $5,000.00 mortgage, was not authorized by the allegations and prayer of the petition. Clearly the contention is not sustainable, for the petition specifically alleges that the land can be sold as a whole without sacrifice to or serious prejudice to the rights of defendant, which is and must be treated as equivalent to an allegation that it cannot be divided without materially affecting its value. It likewise alleges that the land can be sold subject to the senior mortgage and for the purpose of satisfying the junior mortgage without prejudice to the rights of the holder

of the senior mortgage, or of the defendant. These allegations clearly put the defendant upon notice that such relief might be asked for by the plaintiff, and the prayer directly asks for the enforcement of both liens and all equitable and proper relief.

These allegations and this prayer must be deemed to be sufficient to support a judgment directing a sale under the junior mortgage subject to the provisions of the senior mortgage; and especially is this true in the light of the subsequent development that another and different party was the owner of the $5,000.00 note secured by the senior mortgage, and that such owner did not desire to exercise its option to declare the senior mortgage due because of default in the payment of interest installments.

Manifestly the argument of counsel that because the notes and mortgages bore the same date and were both executed by appellant to appellee, and each was secured by a lien upon the same land, were of equal rank and neither superior to the other, is fallacious; for the parties clearly and distinctly contracted as between themselves at the time that one of those liens should be superior to the other, and the provision in the junior mortgage leaves their purpose in that respect unmistakable.

Even though it be conceded that at the time of its entry the original judgment erroneously adjudged a sale of the land under the junior mortgage after having adjudged the senior mortgage to be due and payable, still the fact remains that when the last sale was had it had been developed that the plaintiff in the action was not in fact the owner of the $5,000.00 note secured by the senior mortgage, and that the real owner had been brought before the court and did not desire to exercise its option to have the same declared due and enforceable.

In a comparatively recent case, maturely considered and carefully written, it has been held by this court that under the provisions of sections 692 and 694 of our Civil Code there may be a valid sale to satisfy a junior lien which is due, although there exists at the time a prior lien which is not due upon the same land, if the liens be held by different persons, and the sale be had subject to the prior lien. Fisher v. Evans, 175 Ky. 300.

Any elaboration of that opinion is unnecessary, for after it was diclosed that the Metropolitan Life Insur-

ance Company was really the owner of the $5,000.00 note, which did not mature by its terms for several years, and which the owner did not exercise its option to declare matured, then we had a junior mortgage due and a senior mortgage not yet matured, the precise situation dealt with in the case cited. Any other rule would require the holder of the junior mortgage to await indefinitely for the collection of his money because his debtor had seen proper to execute a senior mortgage upon the same property to another, and place the maturity thereof at a time long past the maturity of his own debt.

Judgment affirmed.